THE HONORABLE EDWARD F. SHEA

Stevan D. Phillips, WSBA No. 2257
Leonard J. Feldman, WSBA No. 20961
Rita V. Latsinova, WSBA No. 24447
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Email: sdphillips@stoel.com
Email: ljfeldman@stoel.com
Email: rvlatsinova@stoel.com

Attorneys for Defendants Persels &
Associates, LLC, Neil Ruther, and
Jimmy Persels

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH, individually and on behalf of a class of similarly situated Washington residents,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PERSELS & ASSOCIATES, LLC, a Maryland limited liability company, et al.,<br><br>　　　　　　Defendants. | No. CV-10-00364-EFS<br><br>REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, and JIMMY PERSELS<br><br>**Hearing: April 12, 2011 @ 1:30 PM Richland, WA**<br><br>**Oral Argument**<br><br>[Class Action] |

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 0

## I.  INTRODUCTION

Plaintiffs' response brief reveals that the crux of their Amended Complaint against Persels & Associates, LLC (hereinafter, "Persels" or "Persels & Associates") is an alleged deception or misrepresentation.  Plaintiffs claim that Persels and its partners "lend their names" as lawyers to co-defendants, "falsely pretend" to provide legal services, and seek to achieve an "end-run around state consumer protection laws" by employing various "fictions," "scheme[s]," and "ruse[s]" in conspiracy with the co-defendants.  Plaintiffs' Response to Persels & Associates' Motion to Dismiss ("Response Brief") at 2, 5, 6.  Having selected ***intentional deception*** as their primary theory, Plaintiffs cannot avoid the heightened pleading standard mandated by Rule 9(b).  As discussed in Section II.A below, Plaintiffs do not – and cannot – satisfy that heightened pleading standard.

But even if Rule 9(b) does not control here, Rule 8 does, and Plaintiffs do not satisfy that pleading standard either.  Plaintiffs' hand-picked list of nine "factual allegations," which purportedly meet Rule 8 under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), consists of nothing more than conclusory assertions of falsity and conspiracy.  Despite being cast as "factual," these allegations contain ***no facts*** at all and therefore do not save the Amended Complaint from dismissal.  *Iqbal*, 129 S. Ct. at

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 1

1951 ("[B]are assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than formulaic recitation of the elements of a . . . claim . . . . As such, the allegations are conclusory and not entitled to be assumed true." (internal quotation marks and citation omitted)).[1]

Plaintiffs also misinterpret the legal services exemption in RCW 18.28.010(2)(a). The exemption does not depend on the quantum of the legal services performed to address the client's indebtedness, as they suggest. Instead, it applies if the services performed to address debt-related issues ***related to*** or are ***connected with*** the practice of law within the meaning of General Rule 24. *See Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 2011 U.S. App. LEXIS 2024, at *21 (10th Cir. 2011). The Amended Complaint pleads no facts plausibly showing that in providing services to its clients Persels acted outside of GR 24. It therefore

---

[1] Neither can the Amended Complaint be saved by references to information that it failed to plead. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), and discussion in the Reply Brief by CareOne Defendants, demonstrating that the complaint may not be amended by the brief in opposition to a motion to dismiss. For efficiency, Persels and the individual Defendants Neil Ruther and Jimmy Persels incorporate this and additional arguments by the CareOne Defendants by reference.

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 2

1    fails to state a claim for relief against Persels and its individual attorneys, and

2    should be dismissed.

3

4                                **II.  ARGUMENT**

5    **A.    Rule 9(b) Controls Plaintiffs' Allegations, And Plaintiffs Fail To Satisfy
           That Pleading Requirement.**

6

7           As noted above, Plaintiffs' Response Brief reveals that the crux of their

8    Amended Complaint against Persels & Associates is an alleged deception or

9    misrepresentation.  Having selected ***intentional deception*** as their primary theory,

10   Plaintiffs cannot avoid the heightened pleading standard mandated by Rule 9(b).

11

12   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule

13   9(b)'s heightened pleading standard "applies to . . . statelaw causes of action" that

14   sound in fraud, and further specifically holding that "Rule 9(b)'s heightened

15   pleading standards apply to claims for violations of the CLRA and UCL,"

16

17   California's consumer protection statutes).[2]

18

19

20   _____

21          [2] Persels addressed the applicability of Rule 9(b) in its opening brief.  *See*

22   Memorandum of Authorities in Support of Motion to Dismiss by Persels &

23   Associates, LLC, Neil Ruther, and Jimmy Persels at 14 n.4 ("To the extent

24   Plaintiffs claim a deception or misrepresentation, they must comply not only with

25   the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ.

26   P. 9(b)'s heightened pleading standard . . .").  Despite clarifying that the crux of
                                                                (continued . . .)

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 3

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

For purposes of Rule 9(b), a claim "sounds in fraud" where the plaintiff "allege[s] a unified course of fraudulent conduct . . . as the basis of [the] claim.  In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003).  In addition, "[i]t is well-established in the Ninth Circuit" that even "claims for . . . ***negligent*** misrepresentation must meet Rule 9(b)'s particularity requirements."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (emphasis added).  Courts in the Ninth Circuit also have specifically held that Rule 9(b) applies to claims under Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1), which prohibits "unfair or deceptive acts or practices in or affecting commerce."  *Fed. Trade Comm'n v. Lights of Am., Inc.*, No. SACV 10-1333 JVS, 2010 U.S. Dist. LEXIS 137088, at *2 (C.D. Cal. Dec. 17, 2010) (internal quotation marks and citation omitted); *Fed. Trade Comm'n v. Swish Mktg.*, No. C 09-03814 RS, 2010 U.S. Dist. LEXIS 15016, at *6-7 (N.D. Cal. Feb. 22, 2010); *see also Fed. Trade Comm'n v. Cantkier*, No. 09-00894, 2010 U.S. Dist. 2011 LEXIS 21076 (D.D.C. Mar. 3, 2011).

---

(. . . continued)

the Amended Complaint ***is*** deception, Plaintiffs insist that Rule 9(b) does not apply.  *See* Response Brief at 2, 5-6, 20.  As discussed above, Plaintiffs are wrong.

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

The heightened Rule 9(b) pleading standard also controls state law claims under the "little FTC acts" adopted by several states in the 1950s and 1960s and generally modeled after Section 5 of the Federal Trade Commission Act.  *See Kearns*, 567 F.3d at 1125; *see also Witherspoon v. Phillip Morris Inc.*, 964 F. Supp. 455, 464 (D.D.C. 1997) (applying Rule 9(b) to a claim under a District of Columbia deceptive trade practices statute that the court found "analogous" to a fraud claim).  Washington's Consumer Protection Act ("CPA"), RCW 19.86.020, was one of the "little FTC acts" modeled after, and construed consistently with, Section 5 of the FTC Act.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 783, 719 P.2d 531 (1986); *Salois v. Mut. of Omaha,* 90 Wn. 2d 355, 358, 581 P.2d 1349 (1978).  *See* RCW 19.86.920 ("It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts . . . interpreting . . . federal statutes dealing with the same or similar matters . . .").

Plaintiffs ignore controlling Ninth Circuit precedent and cite state court decisions to argue that Rule 9 does not apply to their CPA claims because "fraud is not an element of a CPA violation."  Response Brief at 20-21.  The Ninth Circuit rejected the same argument in *Kearns,* which, like this case, involved a state CPA complaint removed to federal court.  As here, the plaintiffs argued "that Rule 9(b)

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 5

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

does not apply to California's consumer protection statutes because California courts have not applied Rule 9(b) to the Consumer Protection Statutes." *Kearns*, 567 F.3d at 1125. The Ninth Circuit rejected this argument as "unavailing." *Id.* at 1125. The court explained:

> It is well-settled that the Federal Rules of Civil Procedure apply in federal court, "irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." . . .
>
> The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken . . . in the sale
>
> . . . of goods or services to any consumer." Cal. Civ. Code §1770. The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17200. ***Rule 9(b)'s particularity requirement applies to these statelaw causes of action.*** *Vess*, 317 F.3d at 1102-05. In fact, we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL. *Id.*

*Id.* (emphasis added; citations omitted; third ellipsis and brackets in original); *see also Lights of Am.*, 2010 U.S. Dist. LEXIS 137088, at *10 n.4 ("distinction, for Rule 9(b) purposes, between a fraudulent claim and a false one is hairsplitting" (internal quotation marks, citation, and brackets omitted)).

Having shown through their Response Brief that Rule 9(b) necessarily applies here, Plaintiffs must satisfy it. That rule provides that "a party must state *with particularity* the *circumstances* constituting fraud or mistake." Fed. R. Civ. P.

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

9(b) (emphasis added).  In *Kearns*, the plaintiffs claimed that "Ford ma[de] false and misleading statements concerning the safety and reliability of its CPO [certified pre-owned] vehicles" and "by making such false statements . . . conspire[d] to mislead class members into believing that the CPO program guarantees a safer, more reliable, and more roadworthy used vehicle." *Id.* at 1123. Explaining what Rule 9(b) requires, the Ninth Circuit rejected such allegations as inadequate because "Kearns failed to articulate the who, what, when, where, and how of the misconduct alleged." *Id.* at 1126; *see also United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (these requirements "guarantee all defendants sufficient information to allow for preparation of a response" (internal quotation marks and citation omitted)).

The same reasoning and result in *Kearns* apply equally here.  As noted above, Plaintiffs claim that Persels and its partners "lend their names" as lawyers to co-defendants, "falsely pretend" to provide legal services, and seek to achieve an "end-run around state consumer protection laws" by employing various "fictions," "scheme[s]," and "ruse[s]" in conspiracy with the co-defendants. Response Brief at 2, 5-6.  As the above discussion shows, these allegations are similar to the central theme in *Kearns*.  Yet, Plaintiffs do not even pretend to meet the level of specificity mandated by Rule 9(b).  Nor can they meet it.  Instead, they

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 7

1   seek to avoid the heightened pleading standard altogether.   Under *Kearns*, this

2   attempt fails.   Accordingly, the Amended Complaint should be dismissed – *in its*

3   *entirety* – for failure to meet the particularity requirement of Rule 9(b).

4

5   **B.     The Amended Complaint Also Fails To Meet Rule 8 As Interpreted By**
6        ***Twombly* And *Iqbal*.**

7            Moreover, the Amended Complaint fails to meet even the less demanding

8   pleading requirements of Rule 8.   Plaintiffs identify nine "factual allegations" that

9   they claim suffice to meet the pleading standard required by the Supreme Court in

10  *Twombly*, 550 U.S. 544, and *Iqbal*, 129 S. Ct. 1937.   *See* Response Brief at 6-7

11  (asserting that the listed items "demonstrate Persels & Assoc. is a front for its co-

12  conspirator Defendants").   Plaintiffs confuse facts with conclusions.   Their list of

13  so-called "factual allegations" consists of nothing more than self-serving, circular,

14  and conclusory assertions of falsity and conspiracy that are cast as factual

15  allegations but on closer look contain **no facts** at all.   *See id.* (maintaining that

16  Persels Defendants "in fact do not perform the debt settlement and negotiating

17  services contracted for," "lend their names to the CareOne defendants,"

18  "deceptively represent that the CareOne Defendants' activities are administrative,"

19  "falsely represent that its attorney members are licensed to practice law in

20  Washington," and "failed to disclose . . . that [they] partnered with and split fees

21  with the CareOne Defendants").

22

23

24

25

26

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 8

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

The Supreme Court in *Iqbal* explained that such "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are . . . not entitled to be assumed true" and do not save the claim from dismissal. *Iqbal*, 129 S. Ct. at 1951 (internal quotation marks and citation omitted). The Court noted "we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). In *Twombly*, the Court similarly held that statements of parallel conduct "much like a naked assertion of conspiracy" do not suffice, and added that courts are "not required to accept" terms like "conspiracy" or "agreement" as a "sufficient basis for a complaint." *Twombly*, 550 U.S. at 557 (internal quotation marks and citation omitted).

Ninth Circuit law is in accord with these principles. In *Moss v. U.S. Secret Service,* 572 F.3d 962 (9th Cir. 2009), the Ninth Circuit followed *Iqbal* and *Twombly* and refused to credit bald assertions of wrongdoing against the Secret Service agents who ordered the relocation of a demonstration critical of then-President George W. Bush. It explained:

> The bald allegation of impermissible motive on the Agents' part, standing alone, is conclusory and is therefore not entitled to an assumption of truth. The same is true of Plaintiffs' allegation that, in ordering the relocation of their demonstration, the Agents acted in conformity with an officially authorized *sub rosa* Secret Service policy of suppressing speech critical of the President.

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 9

1
2
3
4

> The allegation of systematic viewpoint discrimination . . .
> without any factual content to bolster it, is just the sort of
> conclusory allegation that the *Iqbal* Court deemed inadequate,
> and thus does nothing to enhance the plausibility of Plaintiffs'
> viewpoint discrimination claim against the Agents.

5  *Moss,* 572 F.3d at 970.  Summarizing the Supreme Court's holding in *Iqbal*, the

6
7  Ninth Circuit in *Moss* added:  "Thus, in *Iqbal*, the Court assigned no weight to the

8  plaintiff's conclusory allegation that former Attorney General Ashcroft and FBI

9  Director Mueller knowingly and willfully subjected him to harsh conditions of

10
11  confinement 'solely on account of his religion, race, and/or national origin and for

12  no legitimate penological interest.'"  *Id.* at 960 (citation and brackets omitted).

13      Here, such "conclusory allegations" are all the Amended Complaint offers.

14
15  Its assertions that Persels does not perform the legal services to Plaintiffs and

16  instead operates a "scheme" designed to "falsely represent" its status as a law firm

17  and to hide the involvement of CareOne Defendants are entirely conclusory.  They

18
19  are no different from the formulaic – but fact-free – recitations of anticompetitive

20  conspiracy in *Twombly*, the bare assertion in *Iqbal* that Ashcroft was the

21  "architect" of a discriminatory policy and that Mueller was "instrumental" in its

22
23  implementation, and the bald assertion of viewpoint discrimination in *Moss*.  Such

24  allegations are plainly insufficient.  *Twombly*, 550 U.S. at 557 ("[W]ithout some

25  further factual enhancement," each of these assertions was merely a conclusory

26

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 10

label that "stop[ped] short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks, citation, and brackets omitted)); *Iqbal*, 129 S. Ct. at 1954 ("Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

In short, Plaintiffs' Amended Complaint fails on multiple grounds.  It fails to satisfy the heightened pleading requirements of Rule 9(b) and is subject to dismissal on that basis.  But even if Rule 9(b) does not apply here, Rule 8 still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal,* 129 S. Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks and citation omitted)).  Here, after two attempts to properly plead their claims, Plaintiffs offer only conclusory assertions that Persels & Associates did not perform the legal services it agreed by contract to provide and "deceptively" lent its name to CareOne Defendants.  Under *Twombly* and *Iqbal*, these assertions fail to meet Rule 8, much less Rule 9(b).  For this reason too, the Complaint against Persels & Associates and its partners should be dismissed.

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 11

1  **C.    The Amended Complaint Should Be Dismissed Because It Pleads No**
2  **Facts To Overcome The Lawyer Exemption Contained In RCW**
3  **18.28.010.**

4      To avoid RCW 18.28.010(2)(a), which exempts from regulation as debt

5  adjusters, among other professionals, "[a]ttorneys-at-law . . . while performing

6  services *solely incidental to the practice of their professions*" (emphasis added),

7  Plaintiffs argue that the italicized phrase above "does not encompass attorneys

8

9  whose very business is the marketing of debt adjusting programs to consumers."

10  Response Brief at 11.  For this interpretation, Plaintiffs rely on a dictionary

11  definition of "incidental" as "subordinate" or "nonessential . . . in position or

12

13  significance" and "case law" interpreting the federal Investment Advisers Act

14  ("IAA").  *See id.* (citing *Webster's Third New International Dictionary* (2002);

15  *Commodity Futures Trade Comm'n v. Vartuli,* 228 F.3d 94 (2d Cir. 2000)).

16

17  Neither the dictionaries nor cases that construed the IAA support Plaintiffs'

18  misinterpretation of the attorney exemption.

19

20      Dictionaries define the meaning of "incidental" as having two components,

21  "attendant to" and "non-essential."[3]  Plaintiffs' interpretation focuses exclusively

22

23  _____

24      [3] *See, e.g., Black's Law Dictionary* 830 (9th ed. 2009) ("Subordinate to

25  something of greater importance; having a minor role . . ."); *Webster's Unabridged Dictionary* 966 (2d ed. 2001) ("1: happening or likely to happen in an unplanned or

26  (continued . . .)

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 12

on the latter – to the exclusion of the dictionary definition of "incidental" as "attendant to," *i.e.*, having to do with the relationship between two things.  It also ignores the use of the statutory modifier – "*solely*" – which does not fit well with the secondary meaning of "incidental" found in a dictionary.  *See Thomas v. Metro. Life Ins. Co.*, No. CIV-07-0121-F, 2009 U.S. Dist. LEXIS 78014, at *14-15 (W.D. Okla. 2009) ("[I]t is natural to speak of one thing being '*solely* attendant' to another thing.   But it would be unusual to describe a thing as '*solely* inconsequential' to another thing, or as '*solely* a minor part of' another thing").

Construing the IAA, the district court in *Thomas* held that the term "incidental" in the phrase "solely incidental" means "attendant to" or "in connection with."   In a recent decision, the Tenth Circuit affirmed the district

_____

(. . . continued)

subordinate conjunction with something else. 2: incurred casually and in addition to the regular or main amount: *incidental expenses*. 3: likely to happen or naturally appertaining (usually fol. by to) . . . ."); *Webster's New International Dictionary* 1257 (2d ed. 1956) ("1: Happening as a chance or undesigned feature of something else; casual; hence, not of prime concern; subordinate; as, an *incidental* expense. 2: Liable to happen or to follow as a chance feature or incident; as, the trials *incidental* to married life. . . ."); *Black's Law Dictionary* 942-43 (3d ed. 1933) ("Depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose.").

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 13

1    court's interpretation.  *Thomas*, 2011 U.S. App. LEXIS 2024, at *18-19.  The IAA

2    exemption applied to a broker or dealer "whose performance of [investment

3    advice] services is solely incidental to the conduct of his business as a broker or

4    dealer."   Emphasizing that the words "solely" and "incidental" must be read

5    together, the Tenth Circuit held:

6

7

8        "Solely"  .  .  .  means  "exclusively  or  only."   *Webster's*
         *Unabridged Dictionary* 1815 (2d ed. 2001).  This compliments

9        the relational aspect of "incidental": "solely" modifies
         "incidental to," and the phrase as a whole renders the exemption

10       applicable only when the broker-dealer gives advice in
         connection with the sale of a product.  Under Plaintiffs' proposed

11       reading, application of the exemption would hinge upon the
         quantum or importance of the broker-dealer's advice.  Besides

12       creating a difficult problem of line-drawing – how much advice
         is too much, and how could we measure the importance of the

13       advice? – under Plaintiffs' interpretation "solely" would not
         meaningfully modify "incidental to" and would be superfluous.

14       We are unwilling to adopt such an interpretation.

15

16

17   *Id.*  The Congressional acknowledgment that broker-dealers "were not the target of

18   the . . . regulation" despite giving investment advice further supported the Tenth

19   Circuit's holding that "broker-dealers meet the . . . exemption so long as they give

20

21   investment advice only in connection with the primary business of selling

22   securities.   On the other hand, broker–dealers who give advice that is not

23   connected to the sale of securities . . . do not meet the . . . exemption."  *Id.* at *23-

24   24.

25

26

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 14

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

For the same reasons, as a matter of common sense and context, Plaintiffs' proffered interpretation cannot control the result here.  The exemption in RCW 18.28.010(2)(a) does not depend on the *quantum* of the legal services performed to address the client's indebtedness, as Plaintiffs suggest.  Instead, the key inquiry is *relational*.  The exemption applies if the services performed to address debt-related issues relate to or are connected with the practice of law within the meaning of General Rule 24.  *See Thomas,* 2011 U.S. App. LEXIS 2024, at *21-22 ("application of the broker-dealer exemption hinges upon whether the advice in question relates to or is connected with the broker-dealer's primary business – not upon the quantum . . . of that advice").  Attorneys whose practice consists primarily (or even exclusively) of counseling clients and managing risks caused by "indebtedness" – including, without limitation, the bankruptcy bar and collection attorneys – do not lose the exemption's protection so long as they "practice" their profession as lawyers by applying "legal principles and judgment with regard to the circumstances . . . which require the knowledge and skills of a person trained in the law."  GR 24.

The Amended Complaint pleads no facts plausibly showing that in providing services to its clients Persels & Associates acted outside of GR 24.  Nor can it.  In the Retainer Agreement, Persels & Associates offered the skills and knowledge of

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 15

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

attorneys licensed in Washington to address the legal problems associated with Plaintiffs' unsecured debt. The specific services it offered ("***What we will do for you***") include those listed in GR 24(a)(1)-(4) as examples of "the practice of law":

- "attempt[ing] to negotiate all of the [client's] unsecured debts for less than the full amount owed";

- "analyz[ing] your debt to determine whether you have legal defenses for payment";

- "answer[ing] any legal question and deal[ing] with any legal issues that arise in connection with your debt";

- "review[ing] any court papers or other legal documents you receive about your debts";

- prosecuting FCRA complaints on behalf of the client; and

- "If a creditor sues . . . to collect a debt . . . responding to the suit by preparing an answer to the complaint, advising [the client] of [his or her] legal options and preparing [the client] to appear at trial."

Persels' Request for Judicial Notice, Ex. A. Given that Persels plainly was providing legal services – and *only* legal services – the Amended Complaint does not state a claim for relief against Persels or its partners, and should be dismissed.

**D.    Plaintiffs' Remaining Arguments – Including Their Misplaced Reliance On The RPCs – Similarly Fail.**

Plaintiffs' attempt to plead an alternative claim for relief based on alleged violations of the Rules of Professional Conduct ("RPCs") (such as the claimed unsupervised use of paraprofessionals and unauthorized practice of law) similarly

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 16

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1    fails as a matter of law.  The alleged RPC violations are not actionable and do not

2    provide a private remedy **under any theory**.  *See Hizey v. Carpenter*, 119 Wn.2d

3
4    251, 259, 262, 830 P.2d 646 (1992).  The court in *Hizey* was explicit on this point:

5        [M]ost courts . . . hold violations of the CPR or RPC do not give
6        rise to an independent cause of action against an attorney.

7        The result of such holdings, with which we concur, has been that
        breach of an ethics rule provides only a public, *e.g.,* disciplinary,
8        remedy and not a private remedy.

9
10   *Id.* at 259 (citations omitted); *see also id*. at 261 (RPCs "were never intended as a

11   basis for civil liability").  *Hizey* plainly bars private suits for damages based on

12   RPCs under any theory of civil liability.  Other Washington courts have similarly

13
     so held.[4]
14

15       The plaintiff in *Hizey* also argued that "even if a violation of the CPR or

16   RPC does not *create* a cause of action, such violation nonetheless provides

17

18   ───────────────

19       [4]  *See Kwiatkowski v. Drews*, 142 Wn. App. 463, 482, 176 P.3d 510 (2008)

20   ("As to [plaintiff's] assertion that the Banks' attorneys violated the RPCs by failing

21   to file required documents, the RPCs do not purport to set the standard for civil

22   liability;" dismissing all civil claims) (citing *Hizey*, 119 Wn.2d at 258); *Oreskovich

23   v. Eymann*, No. 56334-3-I, 2005 Wash. App. LEXIS 2425, at *7 (Wash. Ct. App.

24   Sept. 19, 2005) ("The complaint also alleges violations of the Rules for Lawyer

25   Discipline.  That cause of action fails because those rules provide only a public,

26   disciplinary remedy, not a private remedy." (*citing Hizey*, 119 Wn. 2d at 258)).

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 17

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   evidence of malpractice." 119 Wn. 2d at 259. The Washington Supreme Court

2   rejected this argument as well. "We disagree with plaintiffs' . . . position that

3   violation of the CPR or RPC may be used as evidence of malpractice." *Id.* at 260.

4   

5   Plaintiffs cite to *Cotton v. Kronenberg*, 111 Wn. App. 258, 44 P.3d 878 (2002),

6   and *Simburg, Ketter, Sheppard & Purdy, L.L.P. v. Olshan*, 97 Wn. App. 901, 988

7   P.2d 467 (1999), which allowed evidence of RPC violations in a claim for breach

8   of fiduciary duty and in a fee dispute. To the extent there is a conflict between

9   

10  these decisions and the second holding in *Hizey*, *Hizey* controls.

11  

12      In any event, reference to the RPCs does nothing to save the Amended

13  Complaint from dismissal under Rule 8, much less Rule 9(b). The RPCs

14  specifically ***allow*** the practices Plaintiffs challenge and thus make their theories

15  ***even more implausible***. *See* RPC 5.3 & cmt. 1; RPC 5.5 cmt. 2 (authorizing the

16  

17  use of non-lawyers under proper supervision); RPC 5.5(c)(1) & cmt. 6 (authorizing

18  lawyers admitted in other jurisdictions to provide legal services in Washington in

19  association with lawyers licensed here). Plaintiffs' reliance on the RPCs does not

20  

21  save their defective complaint from dismissal as a matter of law.

22  

23      Plaintiffs' attempt to assert a common-law claim of "aiding and abetting"

24  violations of the CPA or breaches of fiduciary duties similarly fails. No such cause

25  of action exists here. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of*

26  

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 18

*Denver, N.A.*, 511 U.S. 164, 181 (1994) ("Aiding and abetting is [a] . . . ***criminal*** law doctrine;" refusing to imply a private civil claim for aiding and abetting claim under 10b-5 of the Securities Exchange Act of 1934) (emphasis added); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004-06 (9th Cir. 2006) (refusing to imply a private civil claim for aiding and abetting violations of the Electronic Communications Privacy Act, 18 U.S.C. §§2702, 2707); *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 565 (D. Md. 2009). This claim, like the others, fails as a matter of law and should be dismissed with prejudice at this time.

Finally, with regard to the individual claims against Defendants Neil Ruther and Jimmy Persels, the Amended Complaint neither offers any jurisdictional ***facts*** to support this Court's personal jurisdiction over those individuals nor pleads ***facts*** plausibly showing their potential individual liability. *See* RCW 25.15.060 (members of a limited liability company are personally liable only as "set forth in established case law with regard to piercing the corporate veil"). In their Response Brief (at 27), Plaintiffs baldly claim that Neil Ruther and Jimmy Persels "personally entered into agreements with thousands of Washington consumers as a front for the CareOne Defendants to evade Washington law," but the Retainer Agreements demonstrate otherwise. They were entered between Persels & Associates and individual clients, and were signed by Neil Ruther on Persels &

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL RUTHER, AND JIMMY PERSELS - 19

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  Associates' behalf.  *See* Persels' Request for Judicial Notice, Ex. A.  For all these

2  reasons, the individual claims against Neil Ruther and Jimmy Persels should be

3  dismissed as well.

4

5                              **III.  CONCLUSION**

6        For the reasons stated, the Amended Complaint should be dismissed with

7  prejudice as to Persels & Associates and individual Defendants Neil Ruther and

8  Jimmy Persels.

9

10  DATED:  March 24, 2011          STOEL RIVES LLP

11

12                                  *s/Rita V. Latsinova*
                                    Rita V. Latsinova, WSBA No. 24447
13                                  Leonard J. Feldman, WSBA No. 20961
                                    Stevan D. Phillips, WSBA No. 2257
14                                  Email:  rvlatsinova@stoel.com
15                                  Email:  ljfeldman@stoel.com
                                    Email:  sdphillips@stoel.com
16                                      *Attorneys for Defendants Persels &*
17                                      *Associates, LLC, Neil Ruther, and Jimmy*
                                        *Persels*
18

19

20

21

22

23

24

25

26

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 20

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1

## <u>Certificate of Service</u>

2

3

4

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following ECF participants:

5

**2:10-cv-00364-EFS Notice has been electronically mailed to:**

6

7

Charles Matthew Andersen          cma@winstoncashatt.com,
                                  clk@winstoncashatt.com

8

9

Darrell W. Scott                  scottgroup@mac.com,
Matthew John Zuchetto             matthewzuchetto@mac.com; ssimatos@mac.com

10

11

Lawrence Stephen Greenwald        lgreenwald@gfrlaw.com
Brian Louis Moffet                bmoffett@gfrlaw.com

12

13

14

15

Beth Terrell                      bterrell@tmdlegal.com
Jennifer Rust Murray              jmurray@tmdlegal.com
Toby James Marshall               tmarshall@tmdlegla.com; bkinsey@tmdlegal.com;
                                  enordby@tmdlegal.com; filing@tmdlegal.com

16

17

18

Leonard J. Feldman               ljfeldman@stoel.com; cmcastro@stoel.com
Rita (Margarita) V. Latsinova    rvlatsinova@stoel.com; sea_docket@stoel.com,
                                 tabitseff@stoel.com
Stevan David Phillips            sdphillips@stoel.com; jswaldschmidt@stoel.com

19

20

      DATED at Seattle, WA this March 24, 2011

21

                          STOEL RIVES LLP

22

                          s/Teresa Bitseff
23                        _____
                          Teresa Bitseff, Secretary

24

25

26

REPLY TO MOTION TO DISMISS BY PERSELS & ASSOCIATES, NEIL
RUTHER, AND JIMMY PERSELS - 21

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900