1   C. Matthew Andersen, WSBA No. 6868
2   WINSTON & CASHATT, LAWYERS, a
    Professional Service Corporation
3   601 W. Riverside, Ste. 1900
    Spokane, WA  99201
4   Telephone:  (509) 838-6131
    cma@winstoncashatt.com
5

6   Attorneys for Defendants Ascend One Corporation,
    CareOne Services, Inc., and Amerix Corporation
7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
9

| | |
|---|---|
| 10  SHANNON BRONZICH, <u>et al.</u> | No.  CV-10-00364-EFS |
| 11                              Plaintiffs, | [CLASS ACTION] |
| 12  vs. | REPLY IN SUPPORT OF MOTION BY |
| 13  PERSELS & ASSOCIATES, LLC, <u>et al.</u> | DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX |
| 14                              Defendants. | CORPORATION TO DISMISS PLAINTIFFS' FIRST AMENDED |
| 15 | CLASS ACTION COMPLAINT |
| 16 | |
| 17 | **Hearing:  April 12, 2011 @1:30 p.m.** **Richland, Washington** |
| 18 | **With Oral Argument** |

19      Plaintiffs have sued defendants Persels & Associates, LLC, Neil J. Ruther,

20  and Jimmy B. Persels (collectively, the "Attorney-Defendants") and Ascend One

21

22  Corporation, CareOne Services, Inc., and Amerix Corporation (collectively, the

23

24  REPLY IN SUPPORT OF CAREONE DEFENDANTS'
    MOTION TO DISMISS AMENDED COMPLAINT
    PAGE 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

"CareOne Defendants") for alleged violation of the Washington Debt Adjusting Act, RCW 18.28 <u>et.</u> <u>seq.</u> ("DAA") for charging fees in excess of those permitted under the DAA.  Plaintiffs seek to hold the CareOne Defendants liable under the Washington Consumer Protection Act, RCW 19.86 <u>et.</u> <u>seq.</u> ("CPA"), both directly for violating the DAA and indirectly for aiding and abetting the Attorney-Defendants in violating the CPA and breaching their fiduciary duties.

The CareOne Defendants have moved to dismiss Plaintiffs' First Amended Complaint ("FAC" or "Amended Complaint") on the grounds that (1) Plaintiffs have failed to set forth any well-pled facts that would plausibly take their contracts outside the scope of the DAA's legal services exemption; (2) Plaintiffs have not alleged that the CareOne Defendants "contracted for," "charged," or "received" fees from Plaintiffs as required to state a claim for charging excessive fees in violation of RCW 18.28.090; (3) the absence of a contractual relationship between Plaintiffs and the CareOne Defendants is fatal to Plaintiffs' claim under the DAA and <u>per</u> <u>se</u> CPA claim; (4) Plaintiffs have failed to state an independent CPA claim; and (5) Plaintiffs' common law claim for aiding and abetting fails because the CPA does not create a cause of action for aiding and abetting and Plaintiffs have not stated a claim against the Attorney-Defendants for breach of fiduciary duty.

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

In a transparent effort to distract the Court from the deficiencies of their Amended Complaint, Plaintiffs pepper their Response with citations to matters outside the record, including documents containing rank hearsay which would not be admissible even if such documents were properly before the Court (which they are not).  See, e.g., Opp. at 4, 18-19 (citing documents submitted by Plaintiffs in opposition to Defendants' motion to dismiss first complaint).  Plaintiffs may not avoid dismissal by supplementing their pleading with facts not alleged in the FAC.

"It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."  Arbitraje Casa De Cambio, S.A. de c.v. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D. D.C. 2003) (quotation marks and citation omitted).  Courts "may look only to the facts alleged in the naked complaint, and not beyond" in ruling on a motion to dismiss for failure to state a claim.  Emory v. Peeler, 756 F.2d 1547, 1550 n.3 (11th Cir. 1985).  See also Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (quotation marks and citation omitted).  Because

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 3



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs chose not to plead any of these purported additional "facts," those "facts" may not be considered.[1]

As set forth more fully below, the Amended Complaint fails to satisfy the pleading requirements of either Fed. R. Civ. P. 9(b) (see Attorney-Defendants' Reply at 2-8, adopted and incorporated herein by reference) or the more lenient Fed. R. Civ. P. 8(a) as construed by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Accordingly, the Amended Complaint should be dismissed.[2]

---

[1] Similarly, Plaintiffs' suggestion that Defendants have not disputed that the CareOne Defendants are alter egos of each other and therefore such allegations must be taken as true (Opp. at 7 n.2) is absurd. At this stage of the proceedings, Defendants are not called upon to admit or deny Plaintiffs' allegations. Disputing such allegations is unnecessary because Plaintiffs' claims are fatally defective irrespective of the merits of any alter ego theory.

[2] If the Court finds the Amended Complaint deficient, it should not permit Plaintiffs a second opportunity to amend. Defendants have already spent considerable time and resources on two motions to dismiss.

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 4

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**I.    PLAINTIFFS HAVE FAILED TO SET FORTH ANY WELL-PLED FACTS TO TAKE PLAINTIFFS' CONTRACTS OUTSIDE THE SAFE HARBOR OF THE DAA'S LEGAL SERVICES EXEMPTION.**

The Attorney-Defendants who contracted with Plaintiffs are exempt from the DAA under RCW 18.28.010(2).  This exemption extends to the CareOne Defendants who, as the Attorney-Defendants' agent, provided administrative, technology, and paralegal services to the Attorney-Defendants.

**A.    The Attorney-Defendants Are Exempt from the DAA Because The Debt Adjusting Legal Services They Provide Constitute The Practice Of Law.**

Plaintiffs admit that they entered into contracts for debt adjusting services with Persels & Associates and that Persels & Associates is a law firm.  FAC, ¶¶ 7, 32-33, 50.  The Retainer Agreement itself confirms that the debt adjusting services provided by the Attorney-Defendants were legal in nature and complied with the requirements governing contracts for legal services, including a written retainer agreement and the establishment of an IOLTA account to hold the clients' funds. [3]

---

[3] The Retainer Agreement, attached as Exhibit A to the Attorney-Defendants' Request for Judicial Notice, can properly be considered in deciding this motion. See Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995).  The CareOne

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

See Retainer Agreement at ¶¶ 1-2. Despite these undisputed facts, Plaintiffs argue the Attorney-Defendants are not exempt under the DAA because the debt adjusting services they provide are their principal line of work and therefore not "solely incidental to" (as in "subordinate" or "non-central" to) their practice of law.  See Opp. to CareOne Defs' Motion at 2; Opp. to Atty-Defs' Motion at 11-14. Plaintiffs' argument flies in the face of common sense, the plain language of the DAA, and the historical treatment of debt adjusting services.

### 1.    Debt adjusting constitutes the practice of law.

Debt adjusting[4] has historically been characterized as the practice of law.  As the Supreme Court noted in upholding the constitutionality of a Kansas statute making it a misdemeanor for any person to engage in the business of debt adjusting

---

Defendants join Plaintiffs' and the Attorney-Defendants' request for judicial notice of the Retainer Agreements.

[4] Debt adjusting has been around since at least the late 1950s and is referred to, variously, as "debt adjusting," "debt settlement," "debt pooling," "debt resolution," "debt consolidation," "prorating," and "budget planning."  See, e.g., Ferguson v. Skrupa, 372 U.S. 726 (1963); 95 A.L.R.2d 1354 (1964).

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 6



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

except as incident to the lawful practice of law:

> The business of debt adjusting gives rise to a relationship of trust in which the debt adjuster will, in a situation of insolvency, be marshalling assets in the manner of a proceeding in bankruptcy. The debt adjuster's client may need advice as to the legality of the various claims against him[,] remedies existing under state laws governing debtor-creditor relationships, or provisions of the Bankruptcy Act – advice which a nonlawyer cannot lawfully give him.

Ferguson, 372 U.S. at 732.    Indeed, it is precisely because debt adjusting is considered to be the practice of law that a number of states have permitted only attorneys to engage in debt adjusting at times in the past. Id. at 733 n. 16 (noting that, in addition to Kansas, Massachusetts and Virginia prohibit debt pooling by laymen by declaring it to be the practice of law). See also New Jersey Ethics Op. 36, 163 N.J.L.J. 221, 2001 WL 169782, at *1 (Jan. 15, 2001) ("Because the debtor may require advice regarding the legality of the claims pending against it and the remedies available under state or federal law, . . . the practice of providing [debt resolution] services [by a non-lawyer] constitutes the unauthorized practice of law."); Home Budget Serv., Inc. v. Boston Bar Ass'n, 139 N.E.2d 387, 390 (Mass. 1957) (upholding constitutionality of statute prohibiting debt pooling by non-lawyers; "The conduct of the plaintiffs [in providing debt pooling services] presents features of the practice of law, and viewed as a whole amounts

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 7

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

substantially to that."). <u>Cf</u>. <u>Jones v. Allstate Ins. Co.</u>, 146 Wn.2d 291, 294, 45 P.3d 1068, 1070 (2002) (insurance company's claims adjuster "was practicing law when she completed claims forms, advised the claimants regarding the settlement process, and recommended that the claimants sign a complete settlement and release").   In providing debt adjusting services, attorneys are governed by the same ethical standards and rules of professional conduct that apply to the provision of other legal services.[5]

---

[5] Washington Court Rule GR 24 defines the practice of law broadly.  <u>See</u> Atty-Defs' Opening Memo. at 10 n.1.  As the Drafters of GR 24 noted, the rules of professional conduct provide protection to consumers of legal services:

> Defining 'the practice of law' lies at the heart of any effort to protect the public from untrained and unregulated persons who hold themselves out as able to offer advice and counsel in matters customarily performed by lawyers that affect individuals' legal rights, property, and life.  When licensed and regulated lawyers perform these functions, they are required to meet extensive educational requirements to become lawyers, required to maintain continuing legal education to stay current in the law, required to follow standards of ethical behavior with respect to their clients and others, and are subject to discipline up to and including suspension and disbarment. Nonlawyers are not required to meet any of these standards.  The public has no recourse for poor, illegal, or negligent performance of these functions by nonlawyer.

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 8

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**2.    The DAA does not change the character of debt adjusting as the practice of law; it merely provides a framework within which non-lawyers can engage in debt adjusting.**

Nothing in the DAA changes the fact that the practice of law encompasses debt adjusting.  Attorneys providing debt adjusting services in Washington are exempt from the DAA's provisions, including the limitations on the fees they may charge, although they continue to be subject to the rules and regulations governing attorneys in the practice of law.  Under the DAA, non-lawyers may perform debt adjusting services, provided they comply with the DAA's provisions, including the use of written contracts with mandatory disclosures (RCW 18.28.100), limits on the fees they charge (RCW 18.28.080 and RCW 18.28.090), the performance of required functions (RCW 18.28.110), and prohibitions against the performance of certain legal tasks (RCW 18.28.130) – provisions which would be unnecessary or redundant if applied to attorneys engaged in the practice of law (who are governed by their own rules of professional conduct) or, in the case of the DAA's prohibition against performing legal tasks or communicating with the debtor or creditor in the name of an attorney (RCW 18.28.130), completely nonsensical.

---

Drafter's Comment to GR 24, 2 WAPRAC GR 24 (6th ed.).

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1    Plaintiffs ignore the historical treatment of debt adjustment and the purpose

2  of the DAA.  Citing a dictionary definition and cases construing the term "solely

3  incidental to" in connection with other statutes, Plaintiffs argue that the term

4

5  "solely incidental to" the practice of law in the DAA means "subordinate to,"

6  "nonessential," and "occurring by chance."  Opp. to Atty-Defs' Motion at 11.

7  Plaintiffs contend that, because Persels & Associates' principal business is

8
   providing debt adjusting legal services to consumers, such services are not
9
   "incidental to" (<u>i.e.</u>, subordinate to) the Attorney-Defendants' practice of law.
10

11    Plaintiffs' myopic focus on one dictionary definition violates "the cardinal

12  rule that a statute is to be read as a whole, since the meaning of statutory language,

13
   plain or not, depends on context," <u>King v. St. Vincent's Hosp.</u>, 502 U.S. 215, 221
14
   (1991), and, in determining meaning, a court is "not . . . guided by a single
15

16  sentence or member of a sentence, but look[s] to the provisions of the whole law,

17  and to its object and policy." <u>Massachusetts v. Morash</u>, 490 U.S. 107, 115 (1989)

18
   (quoting <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 51 (1987)).  As Judge
19
   Learned Hand observed:  "[I]t is one of the surest indexes of a mature and
20

21  developed jurisprudence not to make a fortress out of the dictionary; but to

22

23  REPLY IN SUPPORT OF CAREONE DEFENDANTS'
   MOTION TO DISMISS AMENDED COMPLAINT
24  PAGE 10



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

remember that statutes always have some purpose or object to accomplish." <u>Cabell v. Markham</u>, 148 F.2d 737, 739 (2d Cir.), <u>aff'd</u>, 326 U.S. 404 (1945).

3

4

5

6

7

8

9

10

11

While Plaintiffs cite one dictionary definition, they neglect to mention an alternative and equally valid definition of "incidental":  "likely to happen or naturally appertaining (usually fol. by *to*)," <u>Webster's Unabridged Dictionary</u> 966 (2d ed. 2001), and "liable to happen as a consequence of (an activity)." <u>The New Oxford American Dictionary</u> 859 (2001).   Under this definition of "incidental," attorneys are exempt from the DAA as long as they provide debt adjusting services in connection with the practice of law or as a consequence of practicing law.

12

13

14

15

16

17

18

19

20

21

The Tenth Circuit recently adopted this construction – and rejected the approach advocated by Plaintiffs here – in holding that a broker-dealer who provided advice in connection with the sale of a life insurance policy fell within the exemption to the federal Investment Advisor Act ("IAA") for a "broker or dealer whose performance of [investment advice] services is solely incidental to the conduct of his business as a broker or dealer." <u>Thomas v. Metropolitan Life Ins. Co.</u>, 631 F.3d 1153, 1160 (10th Cir. 2011).  The district court held that the phrase "solely incidental to" means "solely attendant to" or "solely in connection

22

23

24

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 11



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1    with," as opposed to "solely a minor part of" or "solely an insignificant part of," as

2    the plaintiff argued.  Id. at 1161.  The Tenth Circuit affirmed:

3
> [T]he phrase 'solely incidental to,' when read as a whole, makes more
4    > sense under the district court's interpretation.  'Solely,' of course,
    > means 'exclusively or only.'  This compliments the relational aspect
5    > of 'incidental': 'solely' modifies 'incidental to,' and the phrase as a
    > whole renders the exemption applicable only when the broker-dealer
6    > gives advice in connection with the sale of a product.  Under
    > Plaintiffs' proposed reading, application of the exemption would
7    > hinge upon the quantum or importance of the broker-dealer's advice.
    > Besides creating a difficult problem of line-drawing – how much
8    > advice is too much, and how could we measure the importance of the
9    > advice? – under Plaintiffs' interpretation 'solely' would not
    > meaningfully modify 'incidental to' and would be superfluous.
10

11   Thomas, 631 F.3d at 1162 (internal citation omitted).  The court found additional

12   support in the purpose of the IAA and the SEC's position that "application of the

13   broker-dealer exemption hinges upon whether the advice in question relates to or is

14   connected with the broker-dealer's primary business – not upon the quantum or

15   importance of that advice."  Id. at 1163.[6]

16

17

18

_____

19   [6] Thomas is distinguishable from this case in one important respect.  The Court

20   appeared to differentiate between a situation in which a broker-dealer is primarily

21   engaged in selling securities and gives investment advice in connection with that

22

23   REPLY IN SUPPORT OF CAREONE DEFENDANTS'
     MOTION TO DISMISS AMENDED COMPLAINT
24   PAGE 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Here, because the Attorney-Defendants' provision of debt adjusting services is "related to" and "in connection with" their practice of law, as a matter of law they are exempt from the provisions of the DAA under RCW 18.28.010(2).  This result comports with the historical treatment of debt adjusting as the practice of law and furthers the DAA's goal of regulating those debt adjusters who are not already subject to rules of professional conduct governing their professions.   Indeed, the Washington legislature cannot legislate that the practice of law does not encompass debt adjusting without running afoul of the separation of powers doctrine.  See, e.g., Washington State Bar Ass'n v. State, 125 Wn.2d 901, 907, 890 P.2d 1047, 1051 (1995) ("the right to define and regulate the practice [of law] naturally and logically belongs to the judicial department of the state government").

Attorneys providing debt adjusting in Washington would lose their exemption from the DAA only if they provided such services separate and apart

_____

business (which triggers the exemption) and a situation in which a broker-dealer is primarily engaged in giving investment advice (which does not trigger the exemption).  631 F.3d at 1163.  Here, the entirety of Persels & Associates' business, including debt adjusting, constitutes the practice of law.

*Winston & Cashatt*

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

from the practice of law – for instance, if they opened a separate debt adjusting business and performed debt adjusting without establishing the necessary attorney-client relationships, maintaining IOLTA accounts, etc.  That is not the case here.

**B.    As The Attorney-Defendants' Agents and Assistants Performing Administrative Support Services, The CareOne Defendants Are Exempt From The DAA.**

Plaintiffs argue that the DAA's legal services exemption does not extend to non-attorney agents and assistants who, like the CareOne Defendants here, provide administrative and paralegal support services to attorneys engaged in debt adjusting.  Opp. at 9-12.  This argument defies common sense and violates the settled rule that statutory provisions should be interpreted so as not to reach absurd results.  See Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982); State v. Coucil, 170 Wn.2d 704, 707, 245 P.3d 222, 223 (2010) (en banc).

It is hard to conceive that the legislature intended for attorneys to be exempt from the provisions of the DAA only if they personally performed every aspect of the debt adjusting services, including ministerial tasks ordinarily delegated to paralegals and assistants.  Such a construction cannot be reconciled with the Washington rules of professional conduct which specifically permit attorneys to use non-lawyers in performing support functions – whether those non-lawyers are

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

salaried employees or retained agents like CareOne.  <u>See</u> RPC 5.3 (authorizing use of non-lawyers – both "employed or retained by . . . a lawyer" – under proper supervision); RPC 5.3 cmt. 1 (recognizing that lawyers "generally" employ assistants, including paraprofessionals); RPC 5.5 cmt.2 ("This Rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work.").

No law suggests that the DAA was intended to abrogate the RPCs, which permit attorneys to engage agents and assistants.  Interpreting the DAA's legal services exemption as extending to the attorney's authorized agents and assistants harmonizes the DAA and the RPCs.  By contrast, if Plaintiffs' construction were accepted, a paralegal who assisted an "exempted" attorney in providing debt adjusting services would be in violation of the DAA, giving rise to vicarious liability on the part of the attorney who is supposed to be statutorily immune from liability.  The Court should reject an interpretation that leads to absurd results.

In support of their argument that the DAA's legal services exemption does not extend to attorneys' agents and assistants, Plaintiffs cite two cases holding that a person who assists a parent in kidnapping the parent's child is not immune from

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 15

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

liability as the parent's agent.  Opp. at 11.  These cases are inapposite.  Unlike attorneys who regularly delegate administrative tasks to assistants and for good reason, parents do not routinely engage agents to assist in kidnapping their children.  Nor, as a matter of public policy, is there any reason for courts to encourage such criminal activity by granting immunity to those who assist in child-snatching.  More apposite is <u>Clark v. Stovall</u>, 158 F. Supp. 2d 1215, 1225 (D. Kan. 2001), <u>aff'd without op.</u>, 2002 WL 798259 (10th Cir. 2002), where a bank that was serving as an escrow agent of the state was entitled to avail itself of the same defenses and immunities protecting the state officials.  In short, the Attorney-Defendants' exemption extends to the CareOne Defendants.

## II.  PLAINTIFFS HAVE FAILED TO ALLEGE THAT THE CAREONE DEFENDANTS CONTRACTED FOR, RECEIVED, OR MADE ANY CHARGES FOR FEES IN VIOLATION OF THE DAA.

Plaintiffs allege that Defendants violated the DAA by charging fees in excess of those permitted under RCW 18.28.080, and seek to have their contracts declared void and their fees returned pursuant to RCW 18.28.090.  FAC, ¶¶ 21-25, 51-55, VI ("Demand for Relief") ¶¶ 2-3.  In order to state a claim against the CareOne Defendants under this theory, Plaintiffs would have to allege that the CareOne Defendants "contracted with," "charged," or "received" the fees from

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs. <u>See</u> CareOne Defs' Opening Memo. at 11-12. Here, there is no such allegation. To the contrary, Plaintiffs allege that it was the Attorney-Defendants that contracted with Plaintiffs, received and held their funds, and charged the fees.[7] <u>See</u> Opp. to Atty-Defs' Motion at 9-10, 13; FAC, ¶¶ 32-34.

The fact that the Attorney-Defendants paid the CareOne Defendants for the administrative services they provided does not mean that the CareOne Defendants "charged" to or "received" fees <u>from</u> <u>Plaintiffs</u> and thereby violated the DAA. Otherwise, every secretary, paralegal, expert witness, process server, or agent who assisted an attorney in providing debt adjusting services and was paid for his or her work would be deemed a "debt adjuster" and in violation of the DAA.

## III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST THE CAREONE DEFENDANTS UNDER THE CPA.

Plaintiffs have failed to state a claim that the CareOne Defendants violated the DAA and, thus, have failed to state a claim for a <u>per se</u> violation of the CPA. The absence of a contractual relationship between Plaintiffs and the CareOne

---

[7] This is not to suggest that the Attorney-Defendants are liable to Plaintiffs. As set forth at length above, the Attorney-Defendants are exempt from the DAA.

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 17

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Defendants is also fatal to Plaintiffs' claim under the DAA and their <u>per se</u> claim under the CPA.  <u>See</u> CareOne Defs' Opening Memo. at 13-15.

Plaintiffs also have failed to state a plausible claim that the CareOne Defendants committed a violation of the CPA separate and apart from a <u>per se</u> violation based on the DAA. Plaintiffs' asserted basis for this claim is that the CareOne Defendants falsely represented to consumers that they were agents and assistants of Persels & Associates and were performing administrative, technology services (FAC, ¶¶ 36-37, 40) and failed to disclose that they were in fact performing the debt adjusting services rather than assisting Persels & Associates in providing legal services to Plaintiffs.  <u>Id.</u> at ¶¶ 34-36.

These allegations fail to state a claim because the FAC is devoid of any well-pled facts supporting a conclusion that Defendants' representation to consumers that the CareOne Defendants were assistants and agents of Persels & Associates and were performing administrative, technology, and paralegal services was not, in fact, true.   The Retainer Agreement and the other allegations in the Amended Complaint, including allegations that the CareOne Defendants prepared and mailed letters (FAC at ¶ 36) and performed "back office" services (<u>id.</u> at ¶ 38),



1   are consistent with the CareOne Defendants acting as Persels & Associates' agents

2   and assistant and performing an administrative support role.[8]

3

## IV. PLAINTIFFS HAVE FAILED TO STATE A COMMON LAW CLAIM FOR AIDING AND ABETTING.

Plaintiffs' claim that the CareOne Defendants aided and abetted the

Attorney-Defendants in violating the CPA fails because (1) Plaintiffs have failed to

state a claim that the Attorney-Defendants violated the CPA and (2) the CPA does

---

[8] Plaintiffs contend the CareOne Defendants admitted that these allegations give

rise to a plausible claim, citing Defendants' opening motion. Opp. at 18. The

sentence Plaintiffs cite contains an obvious typographical error: Defendants

inadvertently failed to include the word "not" in the cited sentence. <u>See</u> Defs'

Opening Memo. at p. 9, line 22. Contrary to Plaintiffs' suggestion (Opp. at 19), <u>In

re Wood</u>, 408 B.R. 841 (Bankr. D. Kan. 2009) did not involve the CareOne

Defendants. Nor did the court's holding that it would constitute the unauthorized

practice of law for non-attorneys or attorneys not admitted in Kansas to provide

advice to Kansas bankruptcy clients about their bankruptcies (<u>id.</u> at 852-53) have

any relevance here.



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

not impose liability for aiding and abetting. As explained in the CareOne Defendants' Opening Memorandum at 15-18, civil aiding and abetting liability is determined on a statute-by-statute basis. A number of courts have held that, when a statute does not expressly impose liability for aiding and abetting, a civil claim for aiding and abetting an alleged violation of that statute does not lie. Id.

Plaintiffs' assertion that courts have confined the holding of Central Bank of Denver, N.A. v. First Interstate Bank, 511 U.S. 164 (1994) to the federal securities arena (Opp. at 19-20) is refuted by the cases cited in the CareOne Defendants' Opening Memorandum at 17-18, which applied that holding to numerous statutes outside the federal securities arena, including consumer protection statutes.

For the foregoing reasons, the CareOne Defendants respectfully ask the Court to dismiss, with prejudice, Plaintiffs' Amended Complaint.

DATED this 24th day of March, 2011.

s/C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendants, CareOne Services, Inc.,
Ascend One Corporation and Amerix Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
E-mail Address: cma@winstoncashatt.com

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 20



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Lawrence S. Greenwald, *Pro Hac Vice*
Brian L. Moffet, *Pro Hac Vice*
Catherine A. Bledsoe,  *Pro Hac Pending*
GORDON, FEINBLATT, ROTHMAN,
  HOFFBERGER & HOLLANDER, LLC
233 East Redwood Street
Baltimore, Maryland 21202
Telephone:  (410) 576 – 4291
lgreenwald@gfrlaw.com
bmoffet@gfrlaw.com
cbledsoe@gfrlaw.com



I hereby certify that on March 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Darrell W. Scott
Matthew J. Zuchetto
The Scott Law Group, P.S.
Darrellscott@mac.com
matthewzuchetto@mac.com

Beth E. Terrell
Toby J. Marshall
Jennifer Rust Murray
Terrell Marshall & Daudt PLLC
bterrell@tmdlegal.com
tmarshall@tmdlegal.com
jmurray@tmdlegal.com

Leonard J. Feldman
Steven D. Phillips
Rita V. Latsinova
ljfeldman@stoel.com
sdphillips@stoel.com
rvlatsinova@stoel.com

s/C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendants, CareOne Services, Inc.,
Ascend One Corporation and Amerix Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
E-mail Address:  cma@winstoncashatt.com

REPLY IN SUPPORT OF CAREONE DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
PAGE 22

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131