C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131
cma@winstoncashatt.com

Attorneys for Defendants Ascend One Corporation, CareOne Services, Inc., and Amerix Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH, et al. Plaintiffs, vs. PERSELS & ASSOCIATES, LLC, et al. Defendants. | No. CV-10-00364-EFS [CLASS ACTION] MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S JOINT MOTION TO STRIKE REFERENCES TO CERTAIN DOCUMENTS IN PLAINTIFFS' RESPONSE TO THE CAREONE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT **Hearing: April 12, 2011 @1:30 p.m. Richland, Washington** **With Oral Argument** |

## I. RELIEF REQUESTED

Defendants Ascend One Corporation, CareOne Services, Inc., and Amerix Corporation (collectively, "Defendants" or "CareOne Defendants") jointly request an order from the Court striking the references in Plaintiffs' Response to the CareOne Defendants' Motion to Dismiss the First Amended Complaint (Ct. Rec. 62) to certain documents attached as exhibits to the Declaration of Matthew J. Zuchetto (Ct. Rec. 32-1, 32-2, 32-6), which Plaintiffs submitted in opposition to the CareOne Defendants' earlier motion to dismiss Plaintiff's original complaint.

## II. RELEVANT FACTS

The CareOne Defendants have filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' First Amended Complaint. Plaintiffs' Response (Ct. Rec. 62), cites to three documents attached to the Declaration of Matthew J. Zuchetto (Ct. Rec. 32). Mr. Zuchetto's Declaration was submitted in opposition to Defendants' Motion to Dismiss Plaintiff's original complaint (Ct. Rec. 22). Plaintiffs have not submitted Mr. Zuchetto's Declaration in response to the CareOne Defendants' Motion to Dismiss the Amended Complaint. Rather, Plaintiffs have simply cited to these previously filed documents in their Response.



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

The specific documents cited by Plaintiffs which are the subject of this motion are as follows:

1. A Consent Judgment filed on November 4, 2010, in the matter of Washington v. Ascend One Corp., et al., King County Superior Court Cause No. 10-2-38712-9 SEA ("Consent Judgment"). (Ct. Rec. 32-1)

2. A Press Release by the Washington Attorney General dated November 4, 2010 about the Consent Judgment ("Press Release"). (Ct. Rec. 32-2)

3. Two letters from Kenneth Studley to creditors relating to a client by the name of Helen Calabrese ("Studley Letters"). (Ct. Rec. 32-6)

See Plaintiffs' Response to the CareOne Defendants' Motion to Dismiss Amended Complaint at 4, 18-19.

For the reasons set forth below, these documents may not be considered on a Rule 12(b)(6) motion to dismiss and, in any event, are inadmissible.

## III. SUMMARY OF ARGUMENT

The relief requested is appropriate for several reasons. First, Plaintiffs have not submitted Mr. Zuchetto's Declaration in response to the pending CareOne Defendants' Motion to Dismiss the Amended Complaint. Because the Declaration and attachments are not properly before the Court, they should not be considered



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

on the pending motion to dismiss. Second, Plaintiffs have not cited the documents at issue in the Amended Complaint or included their contents in the allegations of the Amended Complaint. Finally, the cited documents are inadmissible and irrelevant.

## IV. ARGUMENT

### I. BECAUSE PLAINTIFFS HAVE NOT SUBMITTED THE DOCUMENTS AT ISSUE IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT, THESE DOCUMENTS SHOULD NOT BE CONSIDERED.

Plaintiffs have not submitted the documents at issue in response to Defendants' Motion to Dismiss the Amended Complaint. Instead, Plaintiffs have simply cited to the documents – which were submitted in connection with an earlier motion – in the body of their response. Because these documents are not properly before the Court in connection with Defendants' Motion to Dismiss the Amended Complaint, Plaintiffs' reference to them should be stricken, and the Court should not consider the documents in deciding Defendants' Motion to Dismiss the Amended Complaint.




A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## II. BECAUSE THE DOCUMENTS AT ISSUE ARE OUTSIDE THE FOUR CORNERS OF THE AMENDED COMPLAINT, THEY SHOULD NOT BE CONSIDERED IN DECIDING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT.

"It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Arbitraje Casa De Cambio, S.A. de c.v. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D. D.C. 2003) (quotation marks and citation omitted). Courts "may look only to the facts alleged in the naked complaint, and not beyond" in ruling on a motion to dismiss for failure to state a claim. Emory v. Peeler, 756 F.2d 1547, 1550 n.3 (11th Cir. 1985). See also Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (quotation marks and citation omitted). Plaintiffs chose not to reference any of the documents, or their contents, in the Amended Complaint. Thus, these documents may not be properly considered in deciding Defendants' Motion to Dismiss the Amended Complaint.

## III. EVEN IF, ARGUENDO, THE DOCUMENTS AT ISSUE WERE PROPERLY BEFORE THE COURT, THEY ARE INADMISSIBLE.






A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

### A. The Consent Decree Is Inadmissible Under Fed. R. Evid. 408, 404(b) and 403.

Plaintiffs cite the Consent Decree as evidence that the CareOne Defendants have engaged in wrongdoing and, therefore, should be held liable in the instant case. The Consent Decree states, on its face, that it is a settlement agreement and is made without any admission of liability. Consent Decree, ¶1.2. See also id. at ¶4.8 ("The parties agree that this Consent Judgment shall not constitute an admission of law or fact by any party and that the parties are entering into this Consent Judgment based on a desire to avoid the expense and uncertainty of litigation that would be necessary to resolve the disputed issues of fact and law.") and ¶¶6.1 – 6.3 (stating that defendants deny the states' allegations). The Consent Decree is inadmissible under three separate rules of evidence.

First, evidence that a party has settled a prior claim is barred under Rule 408, which provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

Fed. R. Evid. 408. Because the Consent Judgment constitutes a settlement, it is inadmissible under Fed. R. Evid. 408.





A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Moreover, a party's prior bad acts are inadmissible under the Federal Rules to show that the allegations in question are consistent with his character or nature. Often referred to as the rule against "propensity" evidence, Rule 404(b), subtitled "Other Crimes, Wrongs, or Acts," provides, in pertinent part, that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). While there are limited exceptions to this rule, the Advisory Committee's comments confirm the inherent danger that this kind of evidence presents:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404(b), 1972 Proposed Rules advisory committee's note (internal citation omitted). Here, the Consent Judgment is inadmissible under Fed. R. Evid. 404(b) to show the CareOne Defendants' propensity for misconduct.

Finally, Fed. R. Evid. 403 excludes relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,




A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

or needless presentation of cumulative evidence." Because the CareOne Defendants did not admit to any wrongdoing, the Consent Judgment is inherently unreliable as to the truth of the underlying allegations that led to its entry, and its probative value is outweighed by the danger of unfair prejudice. See, e.g., McGhee v. Joutras, No. 940C-7052, 1996 WL 706919, at *5 (N.D. Ill. Dec. 5, 1996) (excluding evidence of consent decree that involved no admissions); In re Alder, Coleman Clearing Corp., No. 95-08203 (JLG), 1998 WL 160036, at *8 (Bankr. S.D.N.Y. April 3, 1998) ("A consent decree expressly disclaiming guilt or liability is inadmissible as evidence of prior fraudulent or improper acts under Rule 404(b)."); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1183 (E.D. Pa. 1980) ("the fundamental nature of the consent agreement process makes the agreement untrustworthy as an indicator of the truth"), aff'd in part, rev'd in part, on other grounds, 723 F.2d 238 (3d Cir. 1983), rev'd, on other grounds, 475 U.S. 574 (1986). For all of these reasons, Plaintiffs' reference to the Consent Decree should be stricken and the Court should refuse to consider that document in deciding Defendants' Motion to Dismiss the Amended Complaint.





**B. The Press Release Is Inadmissible For The Same Reasons As The Consent Judgment And Because It Constitutes Hearsay.**

The Press Release, which announces the entry of the Consent Judgment, is inadmissible for the same reasons that the Consent Judgment is inadmissible and for the additional reason that it constitutes hearsay. See Fed. R. Evid. 801(c), 802.

**C. The Studley Letters Are Irrelevant.**

Plaintiffs cite the Studley Letters as evidence that the CareOne Defendants were performing the debt adjusting services themselves, rather than assisting the Attorney-Defendants in providing such services to consumers, and thus were engaged in the unauthorized practice of law. See Plaintiffs' Response to CareOne Defendants' Motion at 18-19. These letters are irrelevant and thus inadmissible for two reasons.

First, the letters were written on behalf of a client by the name of Helen Cabrese, who is not a Plaintiff in this matter. Therefore, these letters are irrelevant to the viability of Plaintiffs' claims.

Second, there is nothing in letters that supports Plaintiffs' assertion that they are evidence that the CareOne Defendants, rather than the Attorney-Defendants, were performing the debt adjusting services or were engaged in the unauthorized





A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

practice of law. The letters are written on the letterhead of the law firm, Ruther & Associates, LLC. Mr. Studley signed the letters on behalf of Traci Mears, an attorney admitted to practice law in the State of Washington. There is nothing to suggest that the letter was not prepared and sent under Ms. Mears' supervision.

For all of these reasons, Plaintiffs' reference to the Studley Letters should be stricken and the letters not considered in connection with Defendants' Motion to Dismiss the Amended Complaint.

## V. CONCLUSION

For the foregoing reasons, Defendants CareOne, Ascend One, and Amerix jointly request that this Court strike from Plaintiffs' Response references to the documents at issue and refuse to consider these documents in ruling on Defendants' Motion to Dismiss the Amended Complaint.

DATED this 25th day of March, 2011.

s/C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendants CareOne Services, Inc.,
Ascend One Corporation and Amerix Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
E-mail Address: cma@winstoncashatt.com

Lawrence S. Greenwald, *Pro Hac Vice*
Brian L. Moffet, *Pro Hac Vice*
Catherine A. Bledsoe, *Pro Hac Vice Pending*
GORDON, FEINBLATT, ROTHMAN,
HOFFBERGER & HOLLANDER, LLC
233 East Redwood Street
Baltimore, Maryland 21202
Telephone: (410) 576 – 4291
lgreenwald@gfrlaw.com
bmoffet@gfrlaw.com
cbledsoe@gfrlaw.com





I hereby certify that on March 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Darrell W. Scott
Matthew J. Zuchetto
The Scott Law Group, P.S.
scottgroup@mac.com
matthewzuchetto@mac.com

Beth E. Terrell
Toby J. Marshall
Jennifer Rust Murray
Terrell Marshall & Daudt PLLC
bterrell@tmdlegal.com
tmarshall@tmdlegal.com
jmurray@tmdlegal.com

Leonard J. Feldman
Steven D. Phillips
Rita V. Latsinova
ljfeldman@stoel.com
sdphillips@stoel.com
rvlatsinova@stoel.com

s/C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a Professional Service Corporation
Attorney for Defendants CareOne Services, Inc. Ascend One Corporation and Amerix Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
E-mail Address: cma@winstoncashatt.com



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131