HONORABLE EDWARD F. SHEA

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott, darrellscott@mac.com
Matthew J. Zuchetto, matthewzuchetto@mac.com
926 West Sprague Avenue, Suite 680
Spokane, WA  99201
Ph:  (509) 455-3966

TERRELL MARSHALL & DAUDT PLLC
Beth E. Terrell, bterrell@tmdlegal.com
Toby J. Marshall, tmarshall@tmdlegal.com
Jennifer Rust Murray, jmurray@tmdlegal.com
936 North 34th Street, Suite 400
Seattle, WA  98103
Ph:  (206) 816-6603

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH and CATHLEEN FARRIS, individually and on behalf of a Class of similarly situated Washington residents,<br><br>                      Plaintiffs,<br><br>   v.<br><br>PERSELS & ASSOCIATES, LLC, a Maryland limited liability company; NEIL J. RUTHER, a Maryland attorney; JIMMY B. PERSELS, a Maryland attorney; ASCEND ONE CORPORATION, a Maryland corporation; CAREONE SERVICES, INC., a Maryland corporation; AMERIX CORPORATION, a Maryland corporation; and JOHN DOES 1-5,<br>                      Defendants. | NO.  CV-10-00364-EFS<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS<br><br>**With Oral Argument**<br><br>**April 12, 2011 at 1:30 p.m.**<br>**Richland, Washington** |

PLAINTIFFS' REPLY TO MOTION TO SUPPLEMENT
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS: 1

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

Plaintiffs respectfully request the Court grant their motion to supplement because the materials contained therein, specifically the Declaration of Mr. Gusmano ("Gusmano Decl.") [Doc. 74-1 and Doc. 80-1 – Ex. A to Motion to Supplement and Praecipe], provide additional support for the factual allegations in Plaintiffs' First Amended Complaint ("FAC") [Doc. 27], which are amply pled and which Defendants have failed to address.  As explained recently by the Seventh Circuit, it is appropriate for Plaintiffs to produce this material in response to Defendants' motions to dismiss:

> We conclude that the Supreme Court's recent decisions, while raising the bar for what must be included in the complaint in the first instance, did not eliminate the plaintiff's opportunity to suggest facts outside the pleading, including on appeal, showing that a complaint should not be dismissed. . . .  [O]nce the plaintiff pleads sufficient factual material to state a plausible claim--that is, sufficient to put the defendant on notice of a plausible claim against it--nothing in *Iqbal* or *Twombly* precludes the plaintiff from later suggesting to the court a set of facts, consistent with the well-pleaded complaint, that shows that the complaint should not be dismissed.[1]

---

[1] *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding plaintiffs must simply plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" defendants are liable).

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

Defendants' argument that facts external to the FAC should not be considered is misplaced. Defendants insist upon additional factual allegations while, at the same time, Defendants are also attempting to prevent any amendment to the FAC. The supplemental materials both explain factual allegations already made and constitute additional facts that could be expressly alleged, if that proves necessary.[2]

A principal factual allegation detailed in Plaintiffs' FAC is that Persels & Associates ("Persels"), Jimmy B. Persels, and Neil J. Ruther serve as a front for the debt adjusting enterprise of Ascend One, CareOne, and Amerix (the "CareOne Defendants") and that the CareOne Defendants perform the actual debt adjusting, as the term is defined by Washington law. *See FAC* ¶¶ 28, 29, 30, 31, 32, 34, 35, 38, 39,

[2] The case cited by Defendants is inapplicable. It involved additional factual assertions and allegations made in memoranda, which are not evidence and do not constitute pleadings. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Moreover, in *Schneider* the Ninth Circuit held that leave to amend should have been granted because the complaint "*could* have been cured by an appropriate amendment." *Id.* at 1197, 1201 (emphasis in original). Here, Mr. Gusmano's declaration is a signed and sworn legal statement, which provides additional factual support for Plaintiffs' well-pled complaint and therefore may be properly considered by the Court.

PLAINTIFFS' REPLY TO MOTION TO SUPPLEMENT
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS: 3

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

41, 42, 43, 44, 45.  The Gusmano Declaration, in this regard, furnishes support for

Plaintiffs' FAC's pre-existing factual allegations in a number of respects.

For example, Mr. Gusmano states that "Ascend One obtained signed retainers

for Persels Law Firm from consumers for DRP [debt resolution (settlement) plans]

before informing Persels Law Firm that they were in communication with that

consumer."  Gusmano Decl. at ¶ 10; *see also id.* at ¶ 9 ("In recruiting consumers to

purchase DMP [debt management plans] or DRP, Ascend One [employees] . . .

attempted to convince the consumer to purchase services.").  In the Complaint,

Plaintiffs allege that CareOne works as "lead generator" and solicits clients for

Defendants' debt settlement programs.  FAC ¶¶ 28, 29 and 33.

Likewise, Mr. Gusmano states that he "became aware that the settlement results

of clients were not reported by the settlement negotiators at Ascend One."  Gusmano

Decl. at ¶ 7.  Further, in his capacity as a Persels' employee, Mr. Gusamano "was

actively prevented from obtaining [information regarding results of Ascend One

settlement negotiators] by Ascend One through a tactic of concealment and

misrepresentation."  *Id.* ¶ 7.  Plaintiffs have alleged that Ascend One performs its debt

adjusting activities without the meaningful involvement or supervision of the Persels

Defendants.  *See FAC* ¶ 41.  Mr. Gusmano's Declaration further supports Plaintiffs'

pre-existing and detailed factual allegations in the FAC because the Declaration

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

elucidates how the debt adjusting activities of the CareOne Defendants were not only concealed from a Persels employee (Mr. Gusmano) but also how such debt adjusting activities are indeed performed exclusive of the Persels Defendants.

Defendants' division of activity goes directly to the Plaintiffs' allegations contained in the Complaint. *See FAC* ¶ 59 ("Persels & Associates, Ruther, and Persels failed to disclose to Plaintiffs or Class Members that Ascend One, CareOne and Amerix are in fact independent debt adjusting companies."); *Id.* at ¶ 60 ("Persels & Associates, Ruther, and Persels failed to disclose that the debt settlement services purportedly being performed by Persels & Associates were actually being performed by CareOne, Ascend One and Amerix."). The Declaration of Mr. Gusmano merely provides further support of the facts Plaintiffs have already pled.

Similarly, Plaintiffs allege that Defendants received fees as a result of their debt adjusting services in Washington. *See FAC* ¶ 56 ("In furtherance of Defendants' scheme, Persels & Associates, Ruther, and Persels, split the fees that they collected from Plaintiffs and Class members with non-lawyers Ascend One, CareOne, and Amerix."); *Id.* at ¶ 57 ("Defendants did not disclose the fee splitting or the details of the fee splitting to Plaintiffs or Class members."). Mr. Gusmano's Declaration provides additional support for this allegation because he explains the Defendants actually split fees on a sixty-forty basis and the so-called assistants (the CareOne

PLAINTIFFS' REPLY TO MOTION TO SUPPLEMENT
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS: 5

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1    Defendants) receive sixty percent (60%) of the fees received from consumers, while

2    the so-called attorney Defendants (the Persels Defendants) take forty percent (40%).

3

4    Gusmano Decl. at ¶¶ 13-16.

5        Finally, Mr. Gusmano states that he personally disclosed the "concealment and

6    misrepresentation of the [debt settlement plans] that were engineered to fail" to Jimmy

7

8    B. Persels and Neil J. Ruther in July, 2009 and that they nonetheless carried on with

9    the enterprise.  Gusmano Decl. at ¶¶ 19, 20.  Here, Plaintiffs allege Jimmy B. Persels

10   and Neil J. Ruther, in addition to their personal participation in unfair or deceptive

11

12   acts and practices, "established, directed, and/or ratified the unfair and deceptive

13   business practices alleged in th[e] Complaint" and that they knew each other's

14

15   conduct was unlawful.  FAC ¶¶ 8, 9, 48, 81.

16       In sum, the Gusmano Declaration both provides additional support for and

17   illustration of those allegations already existent in Plaintiffs' FAC.  It is particularly

18

19   relevant because it provides further support for Plaintiffs' allegations that the CareOne

20   Defendants retained clients and performed debt adjusting services, as that term is

21   defined in RCW 18.28.010, without the meaningful involvement or supervision of the

22

23   Persels Defendants.  Defendants' argument that the Gusmano Declaration is

24   irrelevant, therefore, wholly lacks merit.

25

26

PLAINTIFFS' REPLY TO MOTION TO SUPPLEMENT
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS: 6

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1    DATED this _8th_ day of April, 2011.

2
                                THE SCOTT LAW GROUP, P.S.
3

4
                                By: _____
5                                    Darrell W. Scott, WSBA #20241
                                     darrellscott@mac.com
6                                    Matthew J. Zuchetto, WSBA #33404
7                                    matthewzuchetto@mac.com

8                                    and
9
                                TERRELL MARSHALL & DAUDT PLLC
10                                   Beth E. Terrell, WSBA #26759
11                                   bterrell@tmdlegal.com
                                     Toby J. Marshall, WSBA #32726
12                                   tmarshall@tmdlegal.com
13                                   Jennifer Rust Murray, WSBA #36983
                                     jmurray@tmdlegal.com
14
15                              *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY TO MOTION TO SUPPLEMENT
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS:  7

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Charles Matthew Andersen     cma@winstoncashatt.com
     clk@winstoncashatt.com

Lawrence Stephen Greenwald     lgreenwald@gfrlaw.com

Brian Louis Moffet     bmoffet@gfrlaw.com
     mnorman@gfrlaw.com

Leonard J. Feldman     ljfeldman@stoel.com
     cmcastro@stoel.com
     sea_docket@stoel.com

Rita V. Latsinova     rvlatsinova@ stoel.com
     sea_docket@ stoel.com
     tabitseff@stoel.com

Stevan David Phillips     sdphillips@stoel.com
     jswaldschmidt@stoel.com
     sea_docket@stoel.com

EXECUTED this 8th day of April 2011, at Spokane, Washington.

SAMANTHA SIMATOS-BAESCHLIN
of The Scott Law Group, P.S.

PLAINTIFFS' REPLY TO MOTION TO SUPPLEMENT
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS: 8

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966