C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131
cma@winstoncashatt.com

Attorneys for Defendants Ascend One Corporation,
CareOne Services, Inc., and Amerix Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH, et al.<br><br>Plaintiffs,<br>vs.<br><br>PERSELS & ASSOCIATES, LLC, et al.<br><br>Defendants. | No. CV-10-00364-EFS<br><br>REPLY IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S JOINT MOTION TO STRIKE REFERENCES TO CERTAIN DOCUMENTS IN PLAINTIFFS' RESPONSE TO THE CAREONE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>**Hearing: April 12, 2011 @1:30 p.m.**<br>**Richland, Washington**<br><br>**With Oral Argument** |

REPLY IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S MOTION TO STRIKE . . .PAGE 1

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Defendants Ascend One Corporation, CareOne Services, Inc., and Amerix Corporation (collectively, "Defendants" or "CareOne Defendants") have jointly moved to strike the references in Plaintiffs' Response to the CareOne Defendants' Motion to Dismiss the First Amended Complaint (Court Document 62) to certain documents attached as exhibits to the Declaration of Matthew J. Zuchetto (Court Documents 32-1, 32-2, and 32-6), which Plaintiffs submitted in opposition to the CareOne Defendants' earlier motion to dismiss Plaintiff's original complaint.

In the guise of opposing the CareOne Defendants' motion to strike, Plaintiffs have filed a wide-ranging response that serves as much as a "sur-reply" to the Defendants' replies in support of their motions to dismiss as an opposition to the motion to strike. Specifically, Plaintiffs' Response includes, inter alia, new argument about the alleged "acquiescence" by Defendants to Plaintiffs' assertion that Persels serves as "sham front" for the CareOne Defendants' "debt adjusting enterprise." See Plaintiffs' Opp. at 2. Far from acquiescing to these assertions, Defendants demonstrated in their previous papers that these assertions are entirely conclusory and therefore should be disregarded under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs' Response also seeks to provide "additional facts" which purportedly bolster their assertion that Persels improperly delegated the services it contracted for to CareOne. See Plaintiffs' Opp. at 8-11. However, under Twombly, the additional information Plaintiffs offer does nothing to make their assertions more plausible. Not only do the RPCs specifically authorize the use of non-lawyers under supervision, see RPC 5.5 cmt. 2, violations of RPCs give no rise to civil liability, see Hizey v. Carpenter, 119 Wn.2d 251, 259, 262, 830 P.2d 646 (1992). Moreover, Defendants demonstrated that the Plaintiffs' Retainer Agreements fully disclosed the use of CareOne staff consistently with the RPCs. See Persels' Request for Judicial Notice, Ex. A. The "additional information" offered by Plaintiffs, even if it had been timely pled, suggests practices which are consistent with the RPCs and which were fully disclosed in the Retainer Agreement.

Plaintiffs' Response also offers a two-page discussion of Thomas v. Metropolitan Life Ins. Co., 631 F.3d 1153 (10th Cir. 2011), which defeats their interpretation of the attorney exemption in RCW 18.28.010(2)(a), and has nothing to do with the CareOne Defendants' Motion to Strike. See Plaintiffs' Opp. at 10-11. Having failed to discuss (or even cite) Thomas in their opposition to





A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Defendants' memoranda in support of motions to dismiss, Plaintiffs do not get another chance to do so in responding to a different motion. To the extent Plaintiffs' Response is an attempt to make points not addressed to the CareOne Defendants' motion to strike, those points should be ignored or stricken. See, e.g., Utility Workers of America, Local No. 246, AFL-CIO v. Southern Calif. Edison Co., 852 F.2d 1083, 1084 n.1 (9th Cir. 1988) (striking portions of reply brief that covered subject matter beyond the scope of the final brief in a cross-appeal).

As for the points raised in opposition to the CareOne Defendants' motion to strike, they are similarly lacking merit. In apparent recognition that the Amended Complaint, like the original complaint, contains little more than "labels and conclusions" and "naked assertions" of misconduct that are insufficient under Iqbal and Twombly, Plaintiffs seek to supplement their pleading with a smattering of sound-bites from documents that are neither attached to nor referenced in the Amended Complaint and therefore cannot be considered. For this reason alone, the CareOne Defendants' motion to strike should be granted. Moreover, even if the Court could look beyond the four-corners of the Amended Complaint, the documents at issue are inadmissible and do not support Plaintiffs' conclusory assertions. For this additional reason, the motion to strike should be granted.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## ARGUMENT

**I. THE COURT CANNOT CONSIDER MATTERS OUTSIDE THE FOUR CORNERS OF THE AMENDED COMPLAINT IN RULING ON DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS.**

Plaintiffs seek to rely on documents they submitted in opposition to the CareOne Defendants' motion to dismiss Plaintiffs' original complaint, despite the fact that such documents are neither attached to nor referenced in the Amended Complaint and are otherwise inadmissible. Plaintiffs' attempt to supplement their Amended Complaint with outside documents runs afoul of the well-settled rule that, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (quoting Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). See also Emory v. Peeler, 756 F.2d 1547, 1550 n.3 (11th Cir. 1985) (courts "may look only to the facts alleged in the naked complaint, and not beyond" in ruling on a motion to dismiss for failure to state a claim); Arbitraje Casa De Cambio, S.A. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that the complaint may not be amended by the

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

briefs in opposition to a motion to dismiss."); Civic Center Motors, Ltd. v. Mason Street Import Cars, Ltd., 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005) ("Inasmuch as court was limited to facts alleged in complaint in determining motion to dismiss complaint for failure to state claim, additional facts that were not pled in complaint and first asserted in opposition papers could not be considered on motion to dismiss for failure to state claim.").

Plaintiffs rely on a Seventh Circuit case for the proposition that it is proper for a court to consider facts outside the four corners of the complaint in ruling a motion to dismiss. Plaintiffs' Opp. at 4 n.1 (citing Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146-47 (7th Cir. 2010). Plaintiffs' reliance is misplaced. The court in Reynolds noted that, "prior to Iqbal and Twombly, it was clear that "a plaintiff [was] free on appeal to give us an unsubstantiated version of the events, provided it is consistent with the complaint, to show that the complaint should not have been dismissed," [quoting Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992).] As the court in Dawson explained, "this rule is necessary to give plaintiffs the benefit of the broad standard for surviving a Rule 12(b)(6) motion as articulated in Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)" – i.e., a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

However, as the Supreme Court noted more recently in Twombly, this "no set of facts" language from Conley has been "questioned, criticized, and explained away long enough" and "has earned its retirement." Twombly, 550 U.S. at 562-63. The Court explained:

> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. See Sanjuan, 40 F.3d at 251 (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). . .

Id.

In the wake of Twombly, Reynolds stands for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. See Reynolds, 623 F.3d at

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1147 ("once the plaintiff pleads sufficient factual material to state a plausible claim. . . nothing in Iqbal or Twombly precludes the plaintiff from later suggesting to the court a set of facts, consistent with the well-pleaded complaint, that shows the complaint should not be dismissed"). It does not stand for the proposition that the court can consider facts outside the complaint to salvage an otherwise defective complaint.

## II. THE COURT CANNOT TAKE JUDICIAL NOTICE OF DISPUTED FACTS OR INADMISSIBLE EVIDENCE.

Plaintiffs argue that the Court can take judicial notice of the Consent Decree and Attorney General's Press Release because these documents are matters of public record. Plaintiffs' Opp. at 4-8. However, "a court may not take judicial notice of a fact this is 'subject to reasonable dispute,'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)) [1], including disputed facts stated in public records. Id. at 690.

[1] Fed. R. Evid. 201(b) provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Here, the Consent Decree states, on its face, that the Defendants dispute the allegations made by the Attorney General and that the Consent Decree is made without any admission of liability. Consent Decree, ¶ 1.2. See also id. at ¶ 4.8 ("The parties agree that this Consent Judgment shall not constitute an admission of law or fact by any party and that the parties are entering into this Consent Judgment based on a desire to avoid the expense and uncertainty of litigation that would be necessary to resolve the disputed issues of fact and law.") and ¶¶ 6.1 – 6.3 (stating that defendants deny the states' allegations).

Because the CareOne Defendants did not admit to any wrongdoing, and because the Consent Decree is a settlement agreement, it is inadmissible under Fed. R. Evid. 201, 408, 404(b), and 403. See, e.g., United States v. Cook, 557 F.2d 1149, 1152 (5th Cir. 1977) (consent injunction in which defendant neither admitted nor denied findings was not admissible to show a common "scheme to defraud"); Bowers v. National Collegiate Athletic Association, 563 F. Supp. 2d 508, 536 (D.N.J. 2008) (consent decree entered into between intercollegiate athletic association and Department of Justice pursuant to which association made changes to its eligibility requirements was inadmissible in discrimination suit challenging

REPLY IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S MOTION TO STRIKE . . .PAGE 9

Winston & Cashatt

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

association's denial of learning-disabled applicant's eligibility); McGhee v. Joutras, No. 940C-7052, 1996 WL 706919, at *5 (N.D. Ill. Dec. 5, 1996) (excluding evidence of consent decree that involved no admissions); In re Adler, Coleman Clearing Corp., No. 95-08203 (JLG), 1998 WL 160036, at *8 (Bankr. S.D.N.Y. April 3, 1998) ("A consent decree expressly disclaiming guilt or liability is inadmissible as evidence of prior fraudulent or improper acts under Rule 404(b)."); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1182 (E.D. Pa. 1980) ("It is well-established that unlitigated consent decrees are equivalent to pleas of nolo contendere. Because such consent decrees are not decisions on the merits, they are not admissible to prove that any violation occurred.") (internal citations omitted), aff'd in part, rev'd in part, on other grounds, 723 F.2d 238 (3d Cir. 1983), rev'd, on other grounds, 475 U.S. 574 (1986); Bausch Mach. Tool Co. v. Aluminum Co. of America, 79 F.2d 217, 226 (2d Cir. 1935) (in private antitrust suit, consent decree entered into between

//

//

//

//

REPLY IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S MOTION TO STRIKE . . .PAGE 10

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

defendant and government was inadmissible).[2]

The Press Release is inadmissible for the same reasons the Consent Decree is inadmissible and because it constitutes hearsay. Plaintiffs' argument that the Press Release fits within the exception of Fed. R. 803(8) (Plaintiffs' Opp. at 7) is without merit. The Press Release, which announced the entry of the Consent Decree, does not contain "factual findings resulting from an investigation" because

---

[2] The cases cited by Plaintiffs (Plaintiffs' Opp. at 7) are readily distinguishable. The case of United States v. Gonzalez, 533 F.3d 1057, 1063-64 (9th Cir. 2008) did not involve a consent decree or settlement agreement. In Johnson v. Hugo's Skateway, 974 F.2d 1408, 1413 (4th Cir. 1992) and United States v. Gilbert, 668 F.2d 94, 97 (2d Cir. 1981), the courts permitted the consent decrees to be admitted to show the defendants' failure to comply with the decrees, which was probative of the defendants' knowledge and intent. Here, there is no suggestion that the CareOne Defendants have failed to comply with the Consent Decree. Rather, Plaintiffs seek to use it for the impermissible purpose of establishing the CareOne Defendants' liability.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

there were no factual findings in connection with the Consent Decree. Instead, the parties decided to enter into the settlement without litigating the issues and without any admission of liability. The case of Zeigler v. Fisher-Price, Inc., 302 F. Supp. 2d 999, 1020-22 (N.D. Iowa 2004) is distinguishable because, in that case, "the issuance of the press release was a voluntary act by" the defendant, announcing the defendant's voluntary recall of its toys. Id. at 1021. Thus, the press release constituted the admission of a party opponent. Here, the CareOne Defendants did not participate in issuing the Press Release and made no admissions in connection with the Press Release or Consent Decree.

**III. THE STUDLEY LETTERS DO NOT SUPPORT PLAINTIFFS' BALD ASSERTIONS OF MISCONDUCT.**

Because the Studley Letters are neither attached to the Amended Complaint nor referenced in the Amended Complaint and are not a matter of public record, they may not be considered in connection with the CareOne Defendants' Motion to Dismiss the Amended Complaint. Even if, arguendo, these letters were properly before the Court, they do not support Plaintiffs' bald assertion that the CareOne Defendants were engaged in the authorized practice of law.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Plaintiffs point out that Kenneth Studley identifies himself in the letter as a "Creditor Negotiator" and states that "**we** have been retained by Helen Calabrese" and directs the creditor to "reflect **us** as your contact." Plaintiffs' Opp. at 9. Plaintiffs further point out that the letter contains a telephone number for CareOne, id., and Mr. Studley states "**I** will contact you with a settlement proposal in the near future." Id. at 10. From these facts, Plaintiffs would have the Court leap to the conclusion that Mr. Studley is sending out letters and negotiating with creditors without the supervision of a lawyer from Ruther & Associates, LLC. But there is nothing in the letter that permits that monumental leap. It is equally plausible, from the face of the letter, that Mr. Studley, who signed "for Traci Mears," an attorney with Ruther & Assocaites, LLC who is admitted to practice law in Washington State, sent the letter under Ms. Mears' supervision; that, when he referred to "we" and "us," he was referring to the law firm whom Ms. Calabrase had retained and to the CareOne Defendants, who were working as the law firm's administrative assistants; and that, when he said he would contact the creditor with a settlement proposal in the near future, he would do so at Ms. Mears' direction and under her supervision. In short, the Studley letters do not add any "meat" to

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

the bare-bones assertion that the CareOne Defendants are part of a "sham" and a "front" and are engaged in the unauthorized practice of law.

## V. CONCLUSION

For the foregoing reasons, Defendants CareOne, Ascend One, and Amerix jointly request that this Court strike the references to the documents at issue and refuse to consider these documents in ruling on Defendants' Motion to Dismiss the Amended Complaint.

DATED this April 8, 2011

s/C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendants CareOne Services, Inc.,
Ascend One Corporation and Amerix Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: cma@winstoncashatt.com

Lawrence S. Greenwald, *Pro Hac Vice*
Brian L. Moffet, *Pro Hac Vice*
Catherine A. Bledsoe, *Pro Hac Pending*
GORDON, FEINBLATT, ROTHMAN,
 HOFFBERGER & HOLLANDER, LLC
233 East Redwood Street
Baltimore, Maryland 21202
Telephone: (410) 576 – 4291



lgreenwald@gfrlaw.com
bmoffet@gfrlaw.com
cbledsoe@gfrlaw.com

REPLY IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S MOTION TO STRIKE . . .PAGE 15

Winston & Cashatt

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

I hereby certify that on April 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Darrell W. Scott
Matthew J. Zuchetto
The Scott Law Group, P.S.
scottgroup@mac.com
matthewzuchetto@mac.com

Beth E. Terrell
Toby J. Marshall
Jennifer Rust Murray
Terrell Marshall & Daudt PLLC
bterrell@tmdlegal.com
tmarshall@tmdlegal.com
jmurray@tmdlegal.com

Leonard J. Feldman
Steven D. Phillips
Rita V. Latsinova
ljfeldman@stoel.com
sdphillips@stoel.com
rvlatsinova@stoel.com

s/C. Matthew Andersen, WSBA No. 6868
WINSTON & CASHATT, LAWYERS, a Professional Service Corporation
Attorney for Defendants CareOne Services, Inc. Ascend One Corporation and Amerix Cor601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
E-mail Address: cma@winstoncashatt.com

REPLY IN SUPPORT OF DEFENDANTS ASCEND ONE CORPORATION, CAREONE SERVICES, INC. AND AMERIX CORPORATION'S MOTION TO STRIKE . . .PAGE 16

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131