HONORABLE EDWARD F. SHEA

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott, darrellscott@mac.com
Matthew J. Zuchetto, matthewzuchetto@mac.com
926 West Sprague Avenue, Suite 680
Spokane, WA  99201
Ph:  (509) 455-3966

TERRELL MARSHALL & DAUDT PLLC
Beth E. Terrell, bterrell@tmdlegal.com
Toby J. Marshall, tmarshall@tmdlegal.com
Jennifer Rust Murray, jmurray@tmdlegal.com
936 North 34th Street, Suite 400
Seattle, WA  98103
Ph:  (206) 816-6603

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH and CATHLEEN FARRIS, individually and on behalf of a Class of similarly situated Washington residents,<br><br>Plaintiffs,<br><br>v.<br><br>PERSELS & ASSOCIATES, LLC, a Maryland limited liability company; NEIL J. RUTHER, a Maryland attorney; JIMMY B. PERSELS, a Maryland attorney; ASCEND ONE CORPORATION, a Maryland corporation; CAREONE SERVICES, INC., a Maryland corporation; AMERIX CORPORATION, a Maryland corporation; and JOHN DOES 1-5,<br><br>Defendants. | NO.  CV-10-00364-EFS<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY TO DEFENDANT PERSELS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY [Doc. 93]<br><br>Related to Ct Recs. 41 and 45 |

PLAINTIFFS' REPLY TO DEFENDANT PERSELS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY [Doc. 93]: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

## I. INTRODUCTION

The Washington Supreme Court's recent decision in *Carlsen v. GCS*[1] is highly relevant for two reasons. First, it provides additional and extensive support for this Court's denial of Defendants' motions to dismiss. The Supreme Court squarely rejected attempts to evade consumer protections found in the Debt Adjusting Act ("DAA") grounded on an exemption that is notably <u>broader</u> than the exemption the Persels Defendants seek to exploit.

Importantly, the Court refused to condone "the creativity of businesses attempting to circumvent regulation" and concluded that "as a remedial statute enacted to stem the 'numerous unfair and deceptive practices' rife in the growing debt adjustment industry, the debt adjusting statute should be construed liberally in favor of the consumers it aims to protect."[2]

Second, the *Carlsen* decision functionally resolves as unmeritorious Defendants' motion to dismiss Plaintiffs' claims for aiding and abetting, which this Court held in abeyance pending the *Carlsen* decision. The Washington Supreme Court held that an entity that aids and abets violations of the DAA has itself

---

[1] *Carlsen v. Global Client Solutions, LLC*, __ Wn.2d __, 2011 Wash. LEXIS 368 (Wash. May 12, 2011).

[2] *Id.* at *22 (Chambers, J. concurring); *id.* at *14.

PLAINTIFFS' REPLY TO DEFENDANT PERSELS'
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
AUTHORITY [Doc. 93]: 2

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

committed a per se unfair and deceptive business practice for purposes of the DAA. The Court concluded that such liability arises irrespective of the wrongdoer's own exemption as a "debt adjuster." Thus, it is proper for the Court to now deny Defendants' motions to dismiss Plaintiffs' claims for aiding and abetting.

## II. BACKGROUND

On April 12, 2011, after extensive briefing and oral argument, this Court denied Defendants' motions to dismiss *in toto* except with respect to Plaintiffs' aiding and abetting claims, for which the Court reserved ruling pending the Washington Supreme Court's decision in *Carlsen v. GCS*. See ECF No. 86 (order forthcoming).

The Washington Supreme Court issued its decision in *Carlsen* on May 12, 2012. The Supreme Court's decision includes four important holdings: (1) an entity is a debt adjuster under Washington law when it receives funds for the purpose of settling consumers' debts, even if another entity handles the debt settlement procedures and negotiations; (2) the exemption in RCW 18.28.010(2)(b) must be liberally construed in favor of consumers and therefore does not apply to entities that are not one of the thirteen business types listed in .010(2)(b); (3) companies that engage in debt settlement practices are subject to the debt adjusting statute's fee limitations; and (4) aiding and abetting violations of the DAA gives rise to direct civil liability under Washington's Consumer Protection Act, without regard for whether

PLAINTIFFS' REPLY TO DEFENDANT PERSELS'
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
AUTHORITY [Doc. 93]: 3

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

the wrongdoer itself is the beneficiary of a "debt adjuster" exemption. *Carlsen v. Global Client Solutions, LLC,* __ Wn.2d __, 2011 Wash. LEXIS 368 (May 12, 2011).

### III. ARGUMENT

1. **The *Carlsen* Opinion Strongly Supports the Conclusion That the Persels Defendants Are Debt Adjusters Under Washington Law.**

In *Carlsen*, the Washington Supreme Court interpreted a provision in the Washington DAA that broadly exempts "any person, partnership, association, or corporation doing business under and as permitted by any law [relating to thirteen types of business.]" *Id.* at *9-*15. The practice of law is not among the businesses given this general exemption. *See* RCW 18.28.010(2)(b). The Court first found that the statute is aimed at protecting consumers and thus must be interpreted to achieve that end: "[A]s a remedial statute enacted to stem the 'numerous unfair and deceptive practices' rife in the growing debt adjustment industry, **the debt adjusting statute should be construed liberally in favor of the consumers it aims to protect**." *Carlsen*, at * 14 (emphasis added).[3]

---

[3] Indeed, the FTC included attorneys in its new debt settlement regulations, noting that attorneys and debt settlement companies that partner with attorneys "have engaged in the same types of deceptive and abusive practices as those committed by non-attorneys and that are proscribed by the Rule." 75 Fed. Reg. 48,458, 48468.

PLAINTIFFS' REPLY TO DEFENDANT PERSELS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY [Doc. 93]: 4

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

In accordance with the DAA's remedial purpose, the Court narrowly construed the plain language of the exemption in RCW 18.28.010(2)(b). The Court rejected the assertion that GCS falls within that exemption because its business activities are subject to certain regulations of governmental agencies that regulate banks. *Id.* at *9-*15. The Court also rejected the notion that GCS is exempt if acting as an agent of a bank. *Id.* The Court concluded: "It does not matter if GCS is a bank's agent or if it is subject to [regulation]." *Id.* at *14. Unless a company that engages in debt adjusting practices meets the specific requirements for exemption, "it is subject to the debt adjusting statute." *Id.*

Here, the Persels Defendants attempt to evade the DAA based on a different, even narrower, provision which affords no general exemption for attorneys, but merely exempts <u>services</u> of attorneys where performed "**solely incidental** to the practice of their professions." RCW 18.28.010(2)(a) (Emphasis added).

In view of the Court's ruling in *Carlsen*, which requires the DAA to be liberally construed in favor of consumers and against exemption, "solely incidental" cannot be turned on its head, as Defendants would have it, to constitute a general exemption for all attorneys. Courts and administrative agencies looking at comparable provisions have found those provisions inapplicable when an entity's primary purpose is to provide the services at issue, those services not being "solely

PLAINTIFFS' REPLY TO DEFENDANT PERSELS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY [Doc. 93]: 5

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

incidental" to the entity's activities. *See* Plaintiffs' Response, ECF No. at 57, at 11-14; *see also Thomas v. Metropolitan Life Ins. Co.*, 631 F.2d 1153, 1164 (10th Cir. 2011) (A broker dealer "whose primary business consists of giving advice" does not fall within the 'solely incidental' exemption.").

The assertion that the DAA does not apply to the Persels Defendants because they are regulated as attorneys is also specious.[4] The issue presented in RCW 18.28.010(2)(a) is not whether attorneys are regulated. The issue is whether the conduct of an otherwise regulated professional identified in that provision is "solely incidental" to the practice of that profession. *See id., cf.* RCW 18.28.010(2)(b). Plaintiffs have pled sufficient facts to plausibly show that the primary profession of the Persels Defendants is debt adjusting, and the Court properly denied Defendants' motion to dismiss.

2. ***Carlsen* Establishes that the CareOne Defendants Are Debt Adjusters.**

The *Carlsen* decision strongly supports this Court's denial of the CareOne Defendants' motion to dismiss. In *Carlsen*, GCS claimed to be exempt as an agent of an exempt entity, a bank. Rejecting this argument, the Court held: "GCS is not a

---

[4] In addition, Defendants are not licensed to practice law in Washington. Thus, the facts also do not support Defendants' argument.

PLAINTIFFS' REPLY TO DEFENDANT PERSELS'
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
AUTHORITY [Doc. 93]: 6

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

bank," and thus "**[i]t does not matter if GCS is a bank's agent** . . . ." *Carlsen*, 2011 Wash. LEXIS 368 at *14.

The CareOne Defendants have similarly argued that they are immune from the DAA because they are, or so they claim, agents of Persels & Associates. Under the Court's holding in *Carlsen*, even were Persels & Associates exempt, the CareOne Defendants would not enjoy an exemption as purported agents. *See id.* The CareOne Defendants are subject to the DAA because they are engaged in conduct that constitutes debt adjusting under Washington law.[5]

The business scheme in the present action bears striking likeness to that confronted by the Washington Supreme Court in *Carlsen*. The defendants in *Carlsen* attempted to evade the DAA by unbundling activities involved in debt adjusting.[6] One entity markets to and secures contracts with indebted consumers; a related entity performs the debt settlement activities (if any are actually performed); and another

---

[5] In addition, Plaintiffs have pled facts plausibly showing the CareOne Defendants are large, independent debt settlement companies, acting in partnership with the Persels Defendants, not mere agents. *See* Plaintiffs' Response, ECF No. 62, at 7-12.

[6] Here, Defendants not only unbundle the activities but also interject for good measure a law firm as a facade.

PLAINTIFFS' REPLY TO DEFENDANT PERSELS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY [Doc. 93]: 7

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

entity, GCS, receives and holds the debtors' funds for the purpose of distributing those funds among creditors. *See Carlsen*, 2011 Wash. LEXIS 368.

The Supreme Court rejected this scheme as an improper attempt to end-run the DAA: "It is unreasonable to suggest that the legislature intended to allow companies whose activities fit the broad statutory definition of 'debt adjusting' to nonetheless escape regulation by splitting the traditional functions of a debt adjuster between multiple entities." *Id.* at *8-*9. Justice Chambers, in a separate concurrence, emphasized: "This case illustrates the creativity of businesses attempting to circumvent regulation . . . . [T]he chronic and systemic abuses in the Washington debt adjusting industry deserve the attention of the Washington State Legislature [as the industry should be entirely banned]." *Id.* at *19-*22 (Chambers, J. concurring).

The same concerns and conclusions expressed by the Supreme Court in *Carlsen* apply with equal force in this case. It is inconceivable that the Legislature intended to allow innumerable debt adjusters to evade the consumer protections of the DAA by associating themselves with out-of-state attorneys who lend their names to those enterprises.

3. **The Washington Supreme Court Decision Establishes that Aiding and Abetting Violations of the DAA Gives Rise to Liability.**

In *Carlsen*, the Washington Supreme Court held "**an aider and abettor may be** criminally and **civilly liable under the debt adjusting statute**[.]" *Id.* at *18, fn.5

PLAINTIFFS' REPLY TO DEFENDANT PERSELS'
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
AUTHORITY [Doc. 93]: 8

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

(emphasis added). The Court held that such liability arises **irrespective of the entity's own status as "debt adjuster."** *Id.*

Applying the *Carlsen* holding to this case, the Persels Defendants, as well as CareOne Defendants, may be liable for aiding and abetting violations of the DAA. Thus, it is proper at this time to deny Defendants' motion to dismiss Plaintiffs' claims for aiding and abetting.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appropriately consider and incorporate the recent *Carlsen* decision in its order denying Defendants' motions to dismiss.

DATED this 9th day of May, 2011.

THE SCOTT LAW GROUP, P.S.

By: /s/
Darrell W. Scott, WSBA #20241
darrellscott@mac.com
Matthew J. Zuchetto, WSBA #33404
matthewzuchetto@mac.com

TERRELL MARSHALL & DAUDT PLLC
Beth E. Terrell, WSBA #26759
bterrell@tmdlegal.com
Toby J. Marshall, WSBA #32726
tmarshall@tmdlegal.com
Jennifer Rust Murray, WSBA #36983
jmurray@tmdlegal.com

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY TO DEFENDANT PERSELS'
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
AUTHORITY [Doc. 93]: 9

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| Charles Matthew Andersen | cma@winstoncashatt.com<br>ckl@winstoncashatt.com |
| Lawrence Stephen Greenwald | lgreenwald@gfrlaw.com |
| Brian Louis Moffet | bmoffet@gfrlaw.com |
| Leonard J. Feldman | lfeldman@stoel.com |
| Rita V. Latsinova | rvlatsinova@stoel.com<br>sea_docket@stoel.com<br>tabitseff@stoel.com |
| Stevan David Phillips | sdphillips@stoel.com<br>jswaldschmidt@stoel.com<br>sea_docket@stoel.com |
| Christopher N. Weiss | cnweiss@stoel.com |

EXECUTED this 19 day of May 2011, at Spokane, Washington.

*/s/ Kristy L. Bergland*
KRISTY L. BERGLAND
of The Scott Law Group, P.S.

PLAINTIFFS' REPLY TO DEFENDANT PERSELS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY [Doc. 93]: 10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966