HONORABLE EDWARD F. SHEA

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott, darrellscott@mac.com
Matthew J. Zuchetto, matthewzuchetto@mac.com
926 West Sprague Avenue, Suite 680
Spokane, WA 99201
Ph: (509) 455-3966

TERRELL MARSHALL DAUDT & WILLIE PLLC
Beth E. Terrell, bterrell@tmdwlaw.com
Toby J. Marshall, tmarshall@tmdwlaw.com
Jennifer Rust Murray, jmurray@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, WA 98103
Ph: (206) 816-6603

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHANNON BRONZICH and
CATHLEEN FARRIS, individually and on
behalf of a Class of similarly situated
Washington residents,

    Plaintiffs,

v.

PERSELS & ASSOCIATES, LLC, et al.,

    Defendants.

NO. CV-10-364-EFS

PUTATIVE CLASS ACTION

JOINT STATUS CERTIFICATE
AND DISCOVERY PLAN

The parties, through their attorneys of record, conferred in a Rule 26(f) conference on Friday, July 15, 2011 and again on Wednesday, July 20, 2011 and on Monday, July 25, 2011, and now submit this Joint Certificate and Discovery

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Plan in advance of the Status Conference set for August 9, 2011 at 9:50 a.m. as follows:

**A. Whether the parties have notified the Clerk's Office if they consent to the case being heard by a full-time U.S. Magistrate Judge, see 28 U.S.C. § 636:**

On April 27, 2011, Defendants Ascend One Corporation ("Ascend One"), CareOne Services, Inc. ("CareOne") and Amerix Corporation ("Amerix") (collectively, "CareOne Defendants") filed their report indicating that they do not consent to a Magistrate Judge. On May 3, 2011, Defendants Persels & Associates, Neil Ruther and Jimmy Persels (collectively, "the Persels Defendants") filed their report indicating that they do not consent to a Magistrate Judge. On May 2, 2011, Plaintiffs submitted a form stating that they do not consent to a Magistrate Judge.

**B. Whether jurisdiction and venue exist and, if they do exist, the basis for each:**

Subject matter jurisdiction and venue are not in dispute. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and is a class action composed of more than 100 members and in which at least one member of the Class is a citizen of a state different from that of a Defendant. Venue is proper pursuant to 28 USC § 1391(b)(2) in that the events that gave rise to claims occurred in substantial part in this federal district.

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 2

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Defendants Neil Ruther and Jimmy Persels moved to dismiss based on lack of personal jurisdiction. The Court denied Defendants' motion in its Order dated May 27, 2011.

Defendants Ascend One, Neil Ruther and Jimmy Persels have each raised the affirmative defense of lack of personal jurisdiction in their respective answers to the amended complaint.

**C.    Whether service of process is complete and, if not, a deadline for completion:**

Service has been effectuated as to all named parties. The identities of the John Doe and Jane Doe Defendants are not presently known to Plaintiffs, and Plaintiffs anticipate the joinder of additional named defendants prior to a hearing on class certification.

**D.    A brief description of the claims and defenses:**

Plaintiffs allege Defendants are debt adjusters under Washington law and that the fees Defendants have charged Washington consumers violate Washington's Debt Adjusting Act ("DAA"), which gives rise to *per se* violation of Washington's Consumer Protection Act ("CPA"). Plaintiffs also separately allege that Defendants committed unfair or deceptive acts or practices in violation of the CPA and that they breached their fiduciary duties to Plaintiffs and the Class.

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 3

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Further, Plaintiffs allege Defendants are liable for aiding and abetting violations of the DAA.

Defendants deny Plaintiffs' allegations and in response, have asserted the following defenses: (1) the claims asserted by Plaintiffs and alleged putative class members fail, in whole or in part, to state a claim upon which relief may be granted; (2) the claims asserted by Plaintiffs and alleged putative class members are barred, in whole or in part, by ratification; (3) the claims asserted by Plaintiffs and alleged putative class members are barred, in whole or in part, by acquiescence; (4) the claims asserted by Plaintiffs and alleged putative class members are barred, in whole or in part, by the voluntary payment doctrine and by the doctrine of accord and satisfaction; (5) the aiding and abetting claim asserted by Plaintiffs and alleged putative class members fails to state a justiciable claim; (6) any alleged damages were the result of acts or omissions on the part of Plaintiffs themselves or third parties, for which acts or omissions Defendants are not responsible; (7) Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and the analogous provisions of the Constitution of Washington; and (8) Defendants are exempt from application of Washington's Debt Adjusting Statute.

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 4

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Persels Defendants have asserted the following additional defenses: (1) the claims asserted by Plaintiffs and alleged putative class members are barred, in whole or in part, by the applicable statute of limitations; (2) the claims asserted by Plaintiffs and alleged putative class members are barred, in whole or in part, by the doctrine of laches; (3) the claims asserted by Plaintiffs and alleged putative class members are barred, in whole or in part, by the doctrines of waiver and estoppel; (4) the relief sought by Plaintiffs and alleged putative class members is barred by the provisions of the relevant retainer agreements for legal services in connection with debt-related issues with Persels & Associates, LLC; (5) the claims of Plaintiffs and alleged putative class members are barred by the accord and satisfaction doctrine; (6) the claims of Plaintiffs and alleged putative class members are barred by settlement and release.

**E.   Whether a statute's constitutionality is being challenged, *see* LR 24.1 (Fed. R. Civ. P. 5.1):**

Defendants argued that the Debt Adjusting Act ("DAA"), RCW 18.28.010 *et seq.*, violated the separation of powers doctrine in their motion to dismiss. The Court rejected Defendants' argument.

In separate pending motions, Persels Defendants and CareOne Defendants address issues as to whether the statutory construction of Washington's Debt Adjustment Act, RCW ch. 12.28, as set forth in the Court's May 27 Order (ECF

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 5

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

No. 98) renders the DAA unconstitutional under principles of due process, equal protection, and separation of powers. Persels Defendants have requested reconsideration of the Court's order or, alternatively, certification of the questions to the Ninth Circuit Court of Appeals. The CareOne Defendants have requested certification of the questions to the Ninth Circuit Court of Appeals. Defendants take the position that the Debt Adjustment Act is constitutional if construed to provide that attorneys are exempted from the Act so long as their activities related to consumer debt are related to or in connection with ("solely incidental") their practice of law.

**F.     Any issues that should be certified to a state supreme court:**

Plaintiffs believe that in light of the Washington Supreme Court decision in *Carlsen v. Global Client Solutions*, 171 Wn.2d 486, 2011 Wash. LEXIS 368 (Wash. May 12, 2011), no further issues should be certified to the state supreme court.

Defendants do not believe that any issues should be certified to the state supreme court and do not agree with Plaintiffs' reading of *Carlsen*. Persels Defendants have requested reconsideration of the Court's order of May 27, 2011 (ECF No. 98) or, alternatively, certification of an interlocutory appeal to the Ninth Circuit on the Court's ruling denying Defendants' motions to dismiss. The

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 6

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

CareOne Defendants have sought certification of an interlocutory appeal to the Ninth Circuit.

**G.  Suggested deadline for amending the pleadings:**

The parties propose that all motions to amend the pleadings be filed no later than April 13, 2012.

**H.  Suggested deadline for adding additional parties.**

The parties propose that the deadline for adding additional parties should be April 13, 2012.

**I.  Whether a non-government corporate party filed the necessary ownership statement,** see **Fed. R. Civ. P. 7.1.**

Rule 7.1 Corporate Disclosure Statements have been filed by Defendants CareOne [ECF No. 6]; Ascend One [ECF No. 7]; Amerix [ECF No. 124], and Persels & Associates, LLC [ECF No. 10]. Accordingly, the parties have complied with this rule.

**J.  Whether the case involves a minor or incompetent party and whether the appointment of a guardian ad litem is necessary,** see **LR 17.1.**

Not applicable.

**K.  Discovery.**

   a. **Suggested deadline for initial disclosures,** see **Fed. R. Civ. Proc. 26(a)(1).**

The parties' initial disclosures under Rule 26(a)(1) will be made by August

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 7

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

15, 2011.

**b. Subjects on which discovery may be needed.**

Plaintiffs' discovery will be needed on the following subjects: Defendants' activities, policies, procedures, practices, contracts, communications and protocols regarding debt adjusting and related services; Defendants' business structure; and the nature of any relationships between Defendants and other entities regarding debt adjusting. Plaintiffs anticipate deposing Defendants Ruther and Persels, Bernaldo Dancel, Leza Griffith, William Grafton, Lisa Perillo, Mike Croxson, John Mill and other officers and individuals involved in the management of Defendants' debt settlement businesses, attorneys affiliated with Defendants' debt settlement businesses and other individuals with knowledge about Defendants' practices, policies and procedures regarding debt settlement businesses, as well as Defendants' experts.

Defendants anticipate noting the depositions of *inter alia* plaintiffs, plaintiffs' creditors, collection agents for creditors, family members, other attorneys who have represented plaintiffs, and plaintiffs' experts. Defendants may seek to obtain records from each of these entities and individuals. Defendants' discovery will focus on the following subjects: each Plaintiff's relationship and experience with Defendants; the services provided to each Plaintiff, each Plaintiff's

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 8

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

damage claim, and the suitability of each Plaintiff to serve as a representative of the putative class.

Discovery by the parties will, in addition, include any other subjects determined to be relevant or that could lead to relevant information during the course of discovery. All parties anticipate that they may request a protective order to limit or prevent certain discovery for numerous reasons including, but not limited to, concerns of improper invasion of privacy, harassment, intimidation, and seeking unnecessary, irrelevant information from the parties' family members and attorneys in unrelated matters.

**c. Any issues about preserving discoverable information.**

The parties agree to preserve discoverable information and do not foresee any issues in this area.

Plaintiffs have requested CareOne to preserve a sample of recordings of telephone conversations with former and/or current clients of Persels & Associates. These recordings are purged from CareOne's computer system in the ordinary course of business. CareOne is investigating the ability to satisfy Plaintiffs' request. Plaintiffs do not waive the right to seek sanctions for the spoliation of evidence that has been or will be purged from any of Defendants' systems after the commencement of litigation. Defendants consider any suggestion of spoliation to

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 9

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

be without merit and will oppose any effort by Plaintiffs to seek sanctions or other relief.

### d. Claims of privilege or protection.

**Plaintiffs' Position.** Plaintiffs anticipate that they may request a protective order to limit or prevent certain discovery due to concerns of improper invasion of privacy, harassment, intimidation, and seeking to obtain unnecessary, irrelevant information from Plaintiffs' family members and attorneys in unrelated maters.

Defendants raised the concern regarding discovery of information that may contain attorney/client privileged information with putative class members. Plaintiffs have agreed to attempt to draft discovery requests to largely avoid the issue. In the event Plaintiffs request material that Defendants consider privileged, Defendants should produce a detailed privilege log so that Plaintiffs' counsel and, if necessary, the Court may assess the propriety of any asserted privilege. Until the Defendants identify specific information or material which would qualify as work product or fall within the attorney/client privilege, and the specific underlying bases for the asserted protection or privilege, Plaintiffs are not able to properly evaluate any asserted protection or privilege.

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

**Persels Defendants' Position:** Plaintiffs' lawsuit presents significant attorney-client privilege and work product issues that should be addressed early in the discovery process.

Plaintiffs Bronzich and Farris waived their respective attorney-client privileges and work product protections by commencing this action. However, the more than 2,000 Washington residents whom Ms. Bronzich and Ms. Farris seek to represent as putative class members are current and former clients of Persels law firm. Each putative-class-member-client retained Persels & Associates to act as their lawyers to counsel them in certain regards as to their consumer debt. Each such putative-class-member-client individually possesses an attorney-client privilege arising from their relationship with Persels & Associates. Much of the legal work provided to the client also is protected as work product, undertaken in response to actual or threatened litigation by creditors to collect on consumer debt.

No putative-class-member-client has consented to waive their privilege and protections protecting their confidential information and work product from disclosure. No client has consented to become a litigation claimant against their lawyers. No client has consented to have their financial problems (and the

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 11

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

reasons for those problems) vetted publicly before a federal court in this proceeding.

Nevertheless, in order for Persels Defendants to respond to Plaintiffs' allegation that the Persels firm's relationship with CareOne is merely a "sham" to circumvent the Debt Adjustment Act (and to respond to other Plaintiff allegations), defense counsel needs to access putative-class-members' protected information and files that include Persels attorneys' confidential communications with individual putative class members formulating client legal defenses and strategic options for responding to creditor demands and litigation claims, Persels & Associates' preparation of pleadings, assessment of client options under bankruptcy laws, client rights under the Fair Debt Collection Practices Act, and settlement of creditors claims. This type of protected and privileged information also is probative of several Rule 23 class-certification issues.

Additionally, Persels Defendants also require a court order authorizing the Firm and its lawyers to continue their daily communication with their clients, including the ability of Washington field attorneys to respond to any client inquiry about the allegations asserted by Ms. Bronzich and Ms. Farris. RPC 1.4 (Communication); GR 24(a)(Definition of the Practice of Law). Persels &

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 12

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Associates today represents more than 1,000 existing clients in Washington, each of whom has pressing legal demands by creditors.

Persels Defendants propose to address these issues in a motion to be filed by August 16, 2011, one week after the Rule 16 conference. Plaintiffs have agreed to respond to the motion by September 9, 2011, with Defendants' reply due on September 19, 2011.

### e. Proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery.

**Plaintiffs' Position.** Plaintiffs do not presently anticipate necessary modifications to the standard discovery procedures.

As noted above, until the Defendants identify specific information or material which would qualify as work product or fall within the attorney/client privilege, and the underlying bases for the asserted protection or privilege, Plaintiffs are not able to properly evaluate any asserted privilege or protection. In the event Defendants are able to articulate actual and specific concerns, appropriate measures, including but not limited to the production of a privilege log, may be utilized to ensure that any real privilege or protection is properly protected.

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 13

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

**Defendants' Position.** Persels Defendants intend to file a motion by not later than August 16, 2011 addressing privilege and work product issues. Such issues include but are not limited to the proper scope of discovery, whether it is appropriate to consider class certification given the unique factual context of this proceeding, and permissible communications with putative class members who are currently clients of the Persels Defendants.

### f. Suggested expert disclosure deadlines.

The parties suggest a deadline for disclosure of Plaintiffs' experts, including service of experts' written reports pursuant to Fed.R.Civ.P. 26(a)(2), on February 17, 2012; disclosure of Defendants' experts, including service of experts' written reports pursuant to Fed.R.Civ.P. 26(a)(2), on April 20, 2012; and disclosure of all parties' rebuttal experts and rebuttal opinions, including service of experts' written reports pursuant to Fed.R.Civ.P. 26(a)(2), on June 8, 2012.

### g. Suggested discovery cut-off.

Discovery should be completed by September 14, 2012.

## L. Anticipated Motions and Suggested Dispositive Motion Filing Deadline:

Persels Defendants will file a motion regarding issues raised by the attorney-client privilege and work product protection of putative class members

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 14

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

by August 16, 2011, with Plaintiffs' responsive brief due September 9, 2012 and Defendants' reply brief due September 19, 2011.

Plaintiffs anticipate filing a motion for class certification. The parties agree that Plaintiffs' motion will be due January 13, 2012, with Defendants' responsive brief due February 17, 2012 and Plaintiffs' reply brief due March 2, 2012.

In addition, it is anticipated that Plaintiffs and/or Defendants may file motions for summary judgment and/or partial summary judgment as to some or all of Plaintiffs' claims. The parties suggest a deadline for the hearing on any dispositive motion of November 9, 2012, with the briefing schedule for any such motion to follow the Local Rules.

**M.    Trial:**

    **a. Suggested Trial Date(s).**

The parties suggest a trial date of January 22, 2013.

    **b. Length of Trial.**

Plaintiffs anticipate that the entire case can be tried in two to four weeks.

Defendants anticipate that for Plaintiffs Bronzich and Farris in a non-class-action case, the trial likely will last 6 – 12 court days. If a class action were certified, depending on the size of the class, the liability phase of the trial could last as long 2 – 4 weeks. A damages phase likely would last several months in

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 15

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

light of the individual issues requiring adjudication on a claimant-by-claimant basis, including individual damages. *See Wal-Mart Stores, Inc. v. Dukes*, No. 10-277, __ U.S. ___ (June 20, 2011).

Plaintiffs anticipate damages may be adjudicated in a timely and efficient manner on a class-wide basis over the course of a couple days, and that there are no individual issues.

### c. Bifurcation.

Plaintiffs believe bifurcation of issues is unnecessary, inefficient and inappropriate.

Defendants believe, depending on the outcome of pre-trial matters, bifurcation might be appropriate on liability and damages, including the potential for bellwether plaintiff trials on damages.

### d. The Need for Special Audio/Visual Courtroom Technology.

The parties do not presently anticipate needing any special technology, though they anticipate that they will utilize courtroom electronic technology and will coordinate with the Court prior to trial.

**N.    The Likelihood for Settling or Resolving the Case and the Point at Which the Parties can Conduct Meaningful Dispute Resolution.**

The parties are discussing scheduling early mediation in September or

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 16

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

October 2011.

O.  **Any Other Matters that may be Conducive to the Just, Efficient, and Economical Determination of the Action.**

None are anticipated at this time.

DATED this 26th day of July, 2011.

THE SCOTT LAW GROUP, P.S.

By: /s/ 
Darrell W. Scott, WSBA #20241
darrellscott@mac.com
Matthew J. Zuchetto, WSBA #33404
matthewzuchetto@mac.com

-and-

TERRELL MARSHALL & DAUDT PLLC
Beth E. Terrell, WSBA #26759,
bterrell@tmdwlaw.com
Toby J. Marshall, WSBA #32726,
tmarshall@tmdwlaw.com
Jennifer Rust Murray, WSBA #36983,
jmurray@tmdwlaw.com

*Attorneys for Plaintiffs*

STOEL RIVES LLP

/s/Christopher N. Weiss
Christopher N. Weiss, WSBA 14826
Leonard J. Feldman, WSBA 20961
600 University Street
Suite 3600
Seattle, Washington 98101
206-624-0900

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 17

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

cnweiss@stoel.com
Ljfeldman@stoel.com

*Attorneys for Defendants Persels & Associates, LLC,*
*Neil Ruther and Jimmy Persels*

WINSTON & CASHATT, LAWYERS, a Professional Service Corporation

s/*C. Matthew Andersen*, WSBA No. 6868
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: cma@winstoncashatt.com

Lawrence S. Greenwald, *Pro Hac Vice*
Brian L. Moffet, *Pro Hac Vice*
Catherine A. Bledsoe, *Pro Hac Pending*
GORDON, FEINBLATT, ROTHMAN,
  HOFFBERGER & HOLLANDER, LLC
233 East Redwood Street
Baltimore, Maryland 21202
Telephone: (410) 576 – 4291
E-mail Address: lgreenwald@gfrlaw.com
E-mail Address: bmoffet@gfrlaw.com
E-mail Address: cbledsoe@gfrlaw.com

*Attorneys for Answering Defendants*
*Ascend One Corporation, CareOne*
*Services, Inc., and Amerix Corporation*

JOINT STATUS CERTIFICATE AND
DISCOVERY PLAN: 18

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966