UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH and CATHLEEN FARRIS, individually and on behalf of a class of similarly situated Washington residents,<br><br>                    Plaintiffs,<br><br>          v.<br><br>PERSELS & ASSOCIATES, LLC, a Maryland limited liability company; NEIL J. RUTHER, a Maryland attorney; JIMMY B. PERSELS, a Maryland attorney; ASCEND ONE CORPORATION, a Maryland corporation; CAREONE SERVICES, INC., a Maryland corporation; MERIX CORPORATION, a Maryland corporation; and JOHN DOES 1-5,<br><br>                    Defendants. | NO. CV-10-0364-EFS<br><br>**ORDER DENYING THE ATTORNEY DEFENDANTS' MOTION FOR RECONSIDERATION, AND DENYING THE CAREONE DEFENDANTS' MOTIONS TO CERTIFY TO THE NINTH CIRCUIT** |

Two motions are before the Court without oral argument: 1) Defendants Persels & Associates, Neil Ruther, and Jimmy Persels' (collectively, "Attorney Defendants") Motion for Reconsideration of the Court's Order Regarding the Attorney Exemption Under RCW ch. 18.28 or, in the Alternative, for Certification to the Ninth Circuit, ECF No. 99, and 2) Defendants Ascend One Corp., CareOne Services, Inc., and Amerix Corp.'s (collectively, "CareOne Defendants") Joint Motion to Certify Order for Immediate Appeal, ECF No. 103. Plaintiffs Shannon Bronzich and

ORDER * 1

Cathleen Farris oppose the motions.   After reviewing the submitted material and relevant authority, the Court is fully informed.   As is explained below, the Court denies both motions.

The Attorney Defendants fail to 1) present newly-discovered evidence, 2) identify how the May 27, 2011 Order, ECF No. 98, contained a clear error or was manifestly unjust, and 3) identify an intervening change in controlling law. *See Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).   Many of the Attorney Defendants' reconsideration arguments could have been presented during the initial briefing and argument. *See id.; Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).   Because the Attorney Defendants have failed to show that reconsideration is necessary, the Court denies their motion.   The Court will, however, enter an order amending the May 27, 2011 Order to revise language contained on page 16 in order to clarify the Court's rationale and legal conclusions.

The Court acknowledges there is substantial ground for difference of opinion as to the interpretation of RCW 18.28.010(2)(a) as it applies to attorneys and their agents. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."). Yet, an immediate appeal of the Court's May 27, 2011 Order (and the to-be-amended Order) will not materially advance this lawsuit's ultimate resolution.

///

For these reasons, **IT IS HEREBY ORDERED**:

1.    The Attorney-Defendants' Motion for Reconsideration of the Court's Order Regarding the Attorney Exemption Under RCW ch. 18.28 or, in the Alternative, for Certification to the Ninth Circuit, **ECF No. 99**, is **DENIED**.

2.    The CareOne Defendants' Joint Motion to Certify Order for Immediate Appeal, **ECF No. 103**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this   14th   day of October 2011.


                             s/Edward F. Shea
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\0364.interloc.appeal.deny.lc1.wpd

ORDER * 3