UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRONZICH and CATHLEEN FARRIS, individually and on behalf of a Class of similarly situated Washington residents,<br><br>Plaintiffs,<br><br>v.<br><br>PERSELS & ASSOCIATES, LLC, et al.,<br><br>Defendants. | NO: 10-CV-0364-TOR<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT |

BEFORE THE COURT is Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 295). This matter was heard with oral argument on January 22, 2013. Toby J. Marshall and Matthew J. Zuchetto appeared on behalf of the Plaintiffs. Christopher N. Weiss appeared on behalf of Defendants Persels & Associates, LLC, Jimmy B. Persels and Neil J. Ruther. Brian L. Moffet appeared on behalf of Defendant CareOne Services, Inc. The Court has reviewed the motion, the record and files herein, and is fully informed.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT~ 1

DISCUSSION

Approval of a proposed class action settlement is governed by Federal Rule of Civil Procedure 23(e).  Under this rule, approval of a proposed settlement "must be accompanied by a finding that the settlement is 'fair, reasonable, and adequate.'"  *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)).  In considering whether a settlement meets this requirement, a court must "evaluate the fairness of a settlement as a whole, rather than assessing its individual components."  *Id.* at 818-19.  Although the decision is committed to the court's sound discretion, the court must limit its role to "reviewing the substance of th[e] settlement . . . to ensure that it is fair, adequate, and free from collusion."  *Id.* at 819 (quotations omitted).  Where, as here, a settlement is reached before a class of plaintiffs is formally certified, the court must perform a "more exacting review" to ensure that the settlement is not the product of collusion.  *Id.*

The Ninth Circuit has identified several factors relevant to the fairness, adequacy and reasonableness of a class action settlement under Rule 23(e).  These factors, commonly cited as the "*Hanlon* factors," are as follows:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). These factors are not exclusive. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). The court may also consider, among other factors, (1) whether an arbitrator or mediator assisted in facilitating the settlement; (2) a party's ability to pay a sum specified in the settlement agreement as compared to its ability to pay a potential judgment; (3) the reasonableness of any provisions for an award of attorney's fees; and (4) the fairness and reasonableness of the procedure used to calculate payment of individual claims. *See Manual for Complex Litigation* (Fourth) § 21.62 (2008).

1. <u>The Strength of the Plaintiff's Case</u>

Plaintiffs have a strong case. From the very beginning of this lawsuit, there has been no dispute that Defendants charged putative class members fees in excess of those permitted by the Washington Debt Adjusting Act ("DAA"). For all practical purposes, the only contested issue in this case has been whether Defendants, as licensed attorneys, are subject to the DAA's statutory fee restrictions or whether they qualify for the so-called "attorney exemption" set forth in RCW 18.28.010(2)(a). The Court resolved this issue in Plaintiffs' favor on May 27, 2011, ruling that Defendants do not qualify for the attorney exemption because they were not engaged in debt adjusting "solely incidental to" the practice of law. ECF No. 98 at 16. That ruling effectively established Defendants' liability for *per*

*se* violations of the Washington Consumer Protection Act, leaving only the issue of damages to be resolved.

The strength of Plaintiffs' case is further reinforced by this Court's rulings in two related cases. In Brown v. Consumer Law Associates, *et al.*, 11-CV-0194-TOR, the Court certified a class of plaintiffs asserting functionally identical claims under the DAA and CPA. The Court further ruled that the names, addresses and billing histories of Defendants' clients were not shielded from disclosure under the attorney-client privilege. In Parkinson, *et al.* v. Freedom Fidelity Management, Inc., *et al.*, 10-CV-0345-TOR, the Court ruled that the appropriate measure of "actual damages" under the CPA for the type of *per se* claim at issue in this case is the amount of *all* fees paid to the debt adjuster—not just the fees paid in excess of the statutory limits. Plaintiffs have reason to believe that the Court might make similar rulings in this case if the case were to proceed. In sum, Plaintiffs have a strong liability case and an equally strong damages position. This factor counsels against acceptance of the proposed settlement.

2. <u>The Risk, Expense, Complexity and Likely Duration of Further Litigation</u>

Further litigation of this case through trial and a potential appeal carries inherent risks. Plaintiffs run the risk that the rulings addressed above might be reversed on appeal. With respect to the attorney exemption, Judge Shea previously observed that "there is substantial ground for difference of opinion as to the

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT~ 4

interpretation of RCW 18.28.010(2)(a) as it applies to attorneys and their agents." ECF No. 154 at 2. Thus, there remains a possibility that an appellate court, construing the statute *de novo*, would rule in Defendants' favor. Similarly, an appellate court might reach a different conclusion with respect to the measure of "actual damages" for a *per se* CPA claim based upon a violation of RCW 18.28.080. There are strong arguments to be made on both sides of this issue.

Conversely, Defendants run the risk of digging themselves into an even deeper hole. Aside from the liability and damages issues addressed above, Defendants must face the CPA's fee-shifting provisions. *See* RCW 19.86.090. In the event that Plaintiffs prevail on their CPA claims at trial, Defendants would be assessed reasonable attorney's fees and costs. Based upon the fees and costs reportedly incurred by Plaintiffs to date, any such assessment could easily exceed $1 million.

Finally, and in a related vein, litigating this case through trial and a potential appeal would be very expensive. As noted above, it is reasonably safe to assume that this case would be certified as a class action if it were to proceed. Once certified, the class would number nearly 3,000 plaintiffs in total. These plaintiffs would be required to prove—individually—that Defendants charged them debt adjusting fees in excess of the limits imposed by the DAA. They would also be required to draw a distinction between fees paid for debt adjusting services and

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT~ 5

fees paid for other services (*i.e.*, "unbundled" legal services). Though not particularly difficult, these tasks would likely be very labor-intensive. Thus, the Court finds that the risks and costs attendant to continued litigation weigh very strongly in favor of the proposed settlement.

### 3. The Risk of Maintaining Class Action Status

Plaintiffs face little risk in maintaining this case as a class action. In view of the Court's decision to certify the companion case of Brown v. Consumer Law Associates, *et al.* as a class action, Plaintiffs can be reasonably confident that this case would be certified if it were to move forward. While it is possible that the Court could de-certify the class after being presented with additional evidence at trial, the possibility seems remote. This factor weighs slightly against the proposed settlement, as Plaintiffs would likely maintain class action status through trial.

### 4. The Amount Offered in Settlement

The proposed settlement requires Defendants to pay $2.2 million to extinguish all claims that could potentially be asserted by the members of the putative class. Of this sum, an estimated $1.54 million will be distributed directly to class members. This sum is substantial. Notably, counsel indicate that the distribution of these funds will result in each member of the settlement class recovering approximately one-third of the total debt adjusting fees he or she paid to Defendants. There can be little question that Defendants have made a serious offer

to settle this case. This factor weighs in favor of accepting the proposed settlement.

### 5. The Extent of Discovery Completed and the Stage of the Proceedings

The parties appear to have engaged in extensive discovery before reaching the proposed settlement. The Court notes that both parties submitted a voluminous amount of materials in conjunction with Plaintiffs' motion for class certification. The Court's review of these materials (as well as the materials that have been submitted in the companion case) indicates that the parties have diligently litigated their respective cases. Indeed, it appears that very little additional discovery would be required to take the case through trial. There being no indication that the parties have neglected their duties to vigorously prosecute and defend this case, the Court finds that this factor weighs in favor of accepting the proposed settlement.

### 6. The Experience and Views of Counsel

This case has been prosecuted and defended by experienced litigators. Counsel for each party has indicated that the terms of the proposed settlement are fair, reasonable and adequate and are in the best interests of the settlement class as a whole. These views are entitled to deference. This factor weighs in favor of the proposed settlement.

### 7. The Presence of a Governmental Participant

This factor is not applicable, as no governmental entity has challenged the

proposed settlement after receiving notice.

    8. <u>The Reaction of Settlement Class Members</u>

The parties indicated at the final fairness hearing that the reaction of settlement class members to the proposed settlement has been overwhelmingly positive. The Court takes counsel at their word. Further, it bears noting that not one of the nearly 3,000 settlement class members objected to the terms of the proposed settlement. This is a strong indication that the class favors settlement over continued litigation. This factor weighs in favor of the proposed settlement.

    9. <u>Other Applicable Factors</u>

There are three additional factors identified in the *Manual for Complex Litigation* which counsel strongly in favor of accepting the proposed settlement. First, the settlement was reached with the assistance of two experienced mediators over the course of two separate mediation sessions. The involvement of these individuals illustrates that the settlement was reached through informed, arm's-length negotiations. There is very little chance that the Settlement Agreement was influenced by improper collusion among counsel.

Second, the specified award of $650,000 to class counsel appears to be reasonable. This award, which covers attorney's fees, costs, and settlement administration expenses, represents approximately 30% of the total settlement payment of $2.2 million. The Court finds that class counsel's hours and billing

1  rates are reasonable in view of the result achieved for their clients, the risks they

2  faced in taking this case and preparing to litigate it through trial, and the

3  complexity of the legal issues presented.  In reaching this conclusion, the Court

4  notes that class counsel's standard hourly rates are commensurate with rates which

5  have previously been approved by this Court and by another judge in this District

6  in four separate CPA class action cases involving violations of the DAA.  *See*

7  Parkinson v. Freedom Fidelity Management, Inc., 10-CV-0345-TOR (E.D. Wash.)

8  at ECF No. 172; Carlsen v. Freedom Debt Relief, 09-CV-0055-LRS (E.D. Wash.)

9  at ECF No. 195; Wheeler v. NoteWorld, 10-CV-0202-LRS (E.D. Wash.) at ECF

10  No. 156; Carlsen v. Global Client Solutions, 09-CV-0246-LRS (E.D. Wash.) at

11  ECF No. 219.  Class counsel's expenditure of approximately 2,300 hours on this

12  case is also reasonable.  Further, the Court notes that class counsel have incurred

13  additional fees, costs and expenses since they entered into the Settlement

14  Agreement.  These additional fees, costs and expenses have further diluted the

15  compensation flowing to class counsel from the $650,000 lump sum payment.

16       Perhaps most importantly, the proposed settlement guarantees that class

17  members will actually be paid.  As counsel noted in their briefing and during the

18  final fairness hearing, Defendant CareOne faces an uncertain financial future.

19  Specifically, CareOne is currently engaged in a nationwide arbitration proceeding

20  which could result in an adverse award of several million dollars.  Although

CareOne remains optimistic about its chances of prevailing, it acknowledges that a large adverse arbitration award could bankrupt the company. The proposed settlement avoids the risk of CareOne's potential future insolvency by allowing class members to be paid without delay. This factor, when considered in conjunction with the factors above, completely tips the scale for the proposed settlement to be accepted. Accordingly, the Court will grant Plaintiffs' motion for final approval.

**IT IS HEREBY ORDERED:**[1]

1. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

---

[1] Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Toby J. Marshall in Support of Preliminary Approval (ECF. No. 274) and/or Plaintiffs' Motion for Preliminary Approval (ECF No. 273).

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT~ 10

2. The Court finds that notice of the Settlement Agreement has been provided to the United States Attorney General and the Washington State Attorney General in accordance with 28 U.S.C. § 1715.

3. The Court finds it has personal and subject matter jurisdiction over all claims asserted in this Litigation with respect to all members of the Settlement Class.

4. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies for settlement purposes only the following Settlement Class:

> All natural persons who entered into retainer agreements with Griffith & Ruther, LLC, Ruther & Associates, LLC or Persels & Associates, LLC between September 2, 2006 and the date of Preliminary Approval of the Settlement Agreement, which is September 7, 2012 and who were residents of Washington at the time of entering into such agreements.

5. In connection with the foregoing certification, the Court makes the following findings:

(a) The Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

(c) Plaintiffs' claims are typical of the claims being resolved through the proposed settlement;

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT~ 11

(d) Plaintiffs are capable of fairly and adequately protecting the interests of the Settlement Class members in connection with the proposed settlement;

(e) For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual Settlement Class members. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class members.

6. The Court appoints Shannon Bronzich and Cathleen Farris as representatives of the Settlement Class.

7. The Court appoints Darrell Scott and Matthew Zuchetto of The Scott Law Group, P.S. and Toby Marshall of Terrell Marshall Daudt & Willie PLLC as counsel for the Settlement Class.

8. No timely-filed objections to the Settlement have been lodged.

9. The terms set forth in the Settlement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The Settlement

Class is properly certified as part of this settlement.  The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class as a whole.

10.	The Court approves the payment of $650,000 in fees, litigation expenses, and claims/notice administration fees and costs to Class Counsel as fair and reasonable based on statutory fee shifting pursuant to RCW 19.86.090 and the lodestar method, which courts use to determine the reasonableness of fees.  The Court reaches this conclusion after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class members (3) the diligent and efficient effort utilized by Class Counsel in litigating Plaintiffs' claims; (4) Class Counsel's substantial experience in complex litigation and skill utilized to achieve the Settlement; and (5) the hurdles to certifying the Settlement Class and proving liability and damages at trial.

11.	The Court approves the incentive payment of $10,000 to Plaintiffs ($5,000 to Plaintiff Bronzich and $5,000 to Plaintiff Farris).  These awards reasonably compensate Plaintiffs for their time and effort in stepping forward to serve as proposed class representatives, assisting in the investigation, being deposed, keeping abreast of the litigation, and reviewing and approving the proposed settlement terms after consulting with Class Counsel.

1   12.   The Settlement is binding on all Settlement Class members.

2   13.   Each member of the Settlement Class shall be entitled to receive a pro rata share of the Settlement proceeds as set forth in the Settlement Agreement. Any Settlement Class Member who fails to cash or deposit a disbursement check issued to the last-known address of that member after a period of 120 calendar days has elapsed from the date on which the disbursement check was issued will not receive a share of relevant Settlement Proceeds but will be bound nevertheless by the terms of the relevant Settlement Agreement.

14.   All Settlement Class Members are bound by the terms of the Settlement Agreement. As of the Settlement Agreement's Effective Date, as specified on Page 7 of the Settlement Agreement, all Settlement Class Members shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged all claims against all released entities and individuals as set forth in the Settlement Agreement. The Settlement Agreement provides: "Upon the Effective Date of this Agreement and without any further action by the Court or by any Party to this Agreement, Representative Plaintiffs and the member of the Class and all of their spouses, former spouses, administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall in fact, have fully remised, released

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT~ 14

and forever discharged any and all Release Claims, which they, or any of them, had or has or may in the future have or claim to have against Released Persons."

15. As of the Effective Date, all Settlement Class Members covenant not to institute, be represented in, participate in, submit, file, or permit to be filed on their behalf, any lawsuit, arbitration, charge, claim, complaint or other proceeding in which a Release Claim is asserted.

16. Neither this Order nor any aspect of the Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants, who specifically deny any liability. Each of the Parties to the settlement entered into the Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

17. Individuals who have timely and properly excluded themselves from the class and are thus not bound by this order are BARBARA FRANKE AND MICHELE POWELL only.

18. Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 295) is **GRANTED** as specified above.

19. Representative Plaintiffs shall file a Stipulation of Dismissal with Prejudice as to Defendants within thirty (30) days after the Effective Date of the Settlement Agreement in accordance with the terms of the Settlement Agreement.

1  The Court intends to retain jurisdiction over this case to resolve future disputes
2  between the parties that may arise from the implementation of the Settlement
3  Agreement.  The Court will enter an order to that effect upon receipt of the parties'
4  Stipulation of Dismissal.

5      The District Court Executive is hereby directed to enter this Order and
6  provide copies to counsel.

7      **DATED** this 25th day of January, 2013.

*/s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge